ERASTUS N. HAMILL, Appellant, v. WILLIAM M. GILLESPIE, Respondent.

An announcement made upon an auction sale of personal property, that it is sold subject to a chattel mortgage and that the purchaser will have to comply with the conditions thereof, does not impose a personal obligation upon a purchaser who hears and assents to the announcement, and an action cannot be maintained against him to recover the amount secured by the mortgage.

While personal property covered by a mortgage remains in the possession of the mortgagor and its conditions are unbroken, the mortgagor's interest is subject to levy and sale upon execution, and the purchaser obtains the same title as that of which the mortgagor was possessed This interest he can lawfully sell, and no claim arises against him in favor of the mortgagor, from the fact that he attempts to sell or does sell a clear title. There is no wrong done the mortgagor thereby, as he may still pursue his lien under the mortgage and his rights remain the same. In an action, therefore, by the mortgagor against the purchaser, it is not error to exclude evidence of such a sale.

(Argued January 8, 1872; decided May term, 1872.

APPEAL from judgment of the General Term of the Supreme Court of the fifth judicial district, entered upon an order denying motion for new trial and directing judgment in favor of defendant.

The action was brought to recover the sum of $66.13 secured by a chattel mortgage in the usual form, made by one John Markle upon his undivided one-half interest in nine acres of wheat and fourteen acres of oats, growing on the land of Oliver Glass, at the date of the mortgage, May 3d, 1866, which interest was levied on and sold on the 30th of June following, under a judgment and execution in favor of defendant against said Markle, defendant having become the purchaser of said interest at such sale. The constable, on putting up the property, with the consent of the defendant, and in his presence and hearing, announced to the bidders that the wheat and oats would be sold subject to said mortgage, and that the purchaser would have to comply with the condi-

tions and demands of the mortgage. The defendant harvested the wheat and oats and threshed them. The grain was of the value of over $100. The plaintiff then offered to prove that the defendant sold the interest of Markle in said wheat and oats for a sum more than sufficient to pay the amount of the said mortgage, and received the money therefor, and that the plaintiff demanded of the defendant payment of his mortgage, after it became due, and that the defendant refused to pay it.

The counsel for the defendant objected to the evidence as irrelevant and immaterial, and the court sustained the objection. The case was here rested for the plaintiff. The counsel for the defendant moved to dismiss the complaint on the ground that the facts proven showed no cause of action. The counsel for the plaintiff claimed that the case should be submitted to the jury. The court thereupon dismissed the complaint. The counsel for the plaintiff duly excepted to each of the said rulings.

The court ordered the exceptions to be heard at the General Term in the first instance.

*William Porter* for the appellant. Defendant, having purchased the wheat and oats on the condition and in consideration of paying the money secured by plaintiff's mortgage, became liable therefor. (*Cleveland* v. *Farley*, 9 Cow , 639 ; 8 John., 29; id., 379; 10 J. R., 412; 12 N. Y. R., 74; 9 Paige, 446 ; 1 J. R., 139 ; 17 id., 239, 479 ; 2 Sand. Ch. R., 259; 3 Keyes, 525 ; 4 Hand, 399.) The act of the constable was not contrary to statute or public policy, and was not void. (*Alger* v. *Miller*, 56 Barb., 227.) Defendant is estopped from alleging the invalidity of his promise. (*Root* v. *Wagner*, 30 N. Y., 9 ; *Welland Canal Co.* v. *Hathaway*, 8 Wend., 483 ; *Dezell* v. *Odell*, 3 Hill, 225.) The mortgagor had no leviable interest in the property. (*Gordon* v. *Haspen*, 7 Tenn., 8 ; *Mattison* v. *Baucus*, 1 Comst., 295 ; *Hull* v. *Cowley*, 1 Kern., 505, per COWEN ; *Otis* v. *Wood*, 3 Wend., 500 ; *Chadwick* v. *Lamb*, 29 Barb., 518 ; *Farrel* v. *Hildredth*, 38

Barb., 178; *Hull* v. *Sampson*, 18 How. P. R., 481; *Hull* v. *Sampson*, 35 N. Y., 274, per PORTER; *Bailey* v. *Benton*, 8 Wend., 348, per JEWETT, C. J.; *Ruckhow* v. *Schenck*, 4 Hand, 451; *Rich* v. *Milk*, 20 Barb., 616; *Balcom* v. *Clark and others*, cited in *Chadwick* v. *Lamb; Farrel* v. *Hildredth*, 38 Barb., 178, per WELLS, J.) Neither Markle nor one holding under his title, with knowledge of the mortgage, could sell the property absolutely, without liability to the mortgagor as for a conversion. (*Fenn* v. *Bettison*, 8 Eng. L. & E., 485; *Gould* v. *Asseler*, 22 N. Y., 234.) It was competent to waive the tort and adopt *assumpsit*. (*Easton* v. *Clark*, 35 N. Y., 225, 234; *Cummings* v. *Vorce*, 1 Hill, 282; *Roth* v. *Palmer*, 27 Barb., 655; *Betts* v. *Collins*, 13 Wend., 154, per MASON, Senator; *Hill* v. *Davis*, 3 N. H. R., 384; *Stockill* v. *Watkins*, 2 Gill & John., 236, 342, 343; *Foster* v. *Stewart*, 3 Maule & Seller, 191; *Hinds* v. *Tredwell*, 7 How. P. R., 238; *Young* v. *Marshall*, 8 Bing., 43; *Berley* v. *Taylor*, 5 Hill, 577; *Allen* v. *Brown*, 5 Hand., 228.)

*William J. Wallace* for the respondent. The mortgagor had a leviable interest. (*Hall* v. *Sampson*, 35 N. Y., 274.) Plaintiff's remedy was to follow the property. (*Hall* v. *Carsely*, 17 N. Y., 202; 1 Kern., 501.) The testimony as to defendant's sale of the property was properly excluded. (*Hathaway* v. *Braneau*, 42 N. Y., 322.) There was no consideration for an agreement to pay the mortgage. (*Converse* v. *Kellogg*, 7 Barb., 590; 1 Par. on Con., 357, 363.) Defendant had a right to sell. (*Hall* v. *Hathaway*, 35 N. Y., 274.)

LEONARD, C. There was no express agreement proven, that the defendant would assume the payment of the chattel mortgage, held by the plaintiff, and no facts from which such an agreement can or ought to be implied, although we assume that the constable was authorized to announce that the property was sold, subject to the mortgage, and that the purchaser would have to comply with its conditions.

If a deed of real estate be accepted, containing a declaration

that the premises are conveyed, subject to a mortgage which the purchaser assumes to pay as a part of the purchase price, it has been held that the purchaser becomes thereby bound, not only to the vendor, but to the mortgagee, for the payment of the mortgage debt. But the mere fact of a conveyance of land, subject to an outstanding mortgage, creates no personal liability on the part of the purchaser to pay the mortgage.

The announcement of the constable, although made with the consent of the purchaser, or in his presence and hearing, was a declaration, only, that the property to be sold was subject to a mortgage to the plaintiff, and the purchaser would have to comply with its conditions. It was a notice that he did not sell a clear title; that the mortgage was a lien, and the purchaser must comply with its conditions. The alternative of not complying might be a loss of the property. Relief could be obtained from this condition, by payment, but it remained at the election of the purchaser to do so or not. He came under no contract of any nature whatever, by consenting to or hearing such an announcement.

At the time of the levy, the wheat and oats were in the possession of the mortgagor, and no breach of the condition of the mortgage had occurred, and the plaintiff did not then, or at any subsequent time, avail himself of the provision authorizing him to take possession, in case he deemed himself insecure. No attempt has been made, either by the complaint or the evidence, to charge the defendant on the ground that he had induced the plaintiff to neglect or omit to avail himself of this condition.

While the property remained in the possession of the mortgagor and the condition of the mortgage unbroken, he had an interest subject to his control and disposition. He could sell and deliver such title as remained to him. The purchaser would take it in case of a sale subject to the lien of the mortgage, whether its existence was ascertained by the purchaser or not, or whether the mortgagor mentioned or omitted to mention it. It follows of course that the interest of the mortgagor was equally subject to levy and

sale by an execution creditor, and the purchaser would obtain at such sale the same title as that of which the mortgagor was possessed and no more, no less. (*Hall* v. *Sampson*, 35 N. Y., 274; *Hathaway* v. *Brayman*, 42 N. Y., 322, and other authorities cited in the opinions in those cases.) There is no occasion for discussing the power or authority of the constable to make the announcement at the sale which he did, or the effect of it. It might well be held that the defendant, having consented to the announcement, would be estopped from disputing the force or effect of it, in case the mortgagee had been thereby induced to omit to take possession under this insecurity clause of his mortgage. But there is no evidence tending to prove that the plaintiff did anything or omitted to do anything by reason of such announcement, although he was present at the sale; no evidence was offered to prove that the announcement influenced the action of the plaintiff; nor was any request made specifically to submit to the jury any question on this subject, arising from an inference as to the effect the announcement might be presumed to have had upon the action of the plaintiff. The general request that the whole case should be submitted to the jury was not sufficient to raise the question here as to the presumption, nor as to any supposed error in not submitting it.

It was not material to inquire how much the defendant obtained for the wheat and oats. He bought only the interest of Markle, whatever that might be, subject to the mortgage. He could lawfully sell that interest again. Whether he received much or little for it is of no consequence to the plaintiff. If he sold the whole title he might be liable to the purchaser, in case the grain should be afterward taken from him under the mortgage; but that would be a question in which the plaintiff would have no concern.

No claim arises in his favor, on the ground that the defendant attempted to sell, or did sell in fact, a clear title to the grain. There was no wrong done thereby to the plaintiff; his rights are still the same. He might still pursue his lien

under the mortgage, or his debtor under his covenant therein. It was no error to exclude evidence of such a sale. For these reasons there was no conversion by the defendant and no tort to be waived by the plaintiff for which he might claim an implied assumpsit for the amount of his mortgage.

There being neither evidence of an express agreement to assume or pay the debt due to the plaintiff, nor evidence from which such an agreement on the part of the defendant might be implied; nor any evidence of the conversion of the grain by the defendant as against the plaintiff, so as to give him any right to waive a tort, and insist that a promise to pay for the grain be implied, the case for the plaintiff wholly fails, and the judgment should be affirmed with costs.

All concur.

Judgment affirmed.