## PATTON v. ADKINS.

<div style="float:right">42 197<br>90 430</div>

CONTRACT: *Assumption of mortgage debt: Action.*

The acceptance of a deed subject to a specified mortgage does not imply a promise by the grantee to pay the mortgage debt; but if the deed contains a stipulation that the property is subject to a mortgage which the grantee agrees to pay, then a duty is imposed on him by the acceptance, and a promise is implied to perform it; on which, in case of failure, assumpsit will lie.

APPEAL from *Pulaski* Circuit Court.

Hon. F. T. VAUGHAN, Circuit Judge.

*Blackwood & Williams* for appellant.

1. Appellant not liable on the exception in the granting clause of the mortgage. There was no privity of contract. The exception is in the granting clause, not in the conditions. *See 33 Iowa, 49; 51 Ib., 637; 57 Ill., 198; 23 Ill., 320.*

No obligation to pay Adkins' debt was imposed by Patton's accepting a mortgage reciting another mortgage.

2. As to the verbal contract. If valid, the condition was broken, for Adkins sued, and the contract ceased to be binding. *Parsons on Contracts, p. 525 to 528; Bishop on Cont., sec. 428 et seq.; Wharton on Cont., sec. 523.*

3. Review *17 Mass., 400; Ib., 558 and 574,* and contend that while they may sustain the abstract principle that whenever defendant has money in hands *belonging to plaintiff,* which he has no *legal right* to retain, an action for money had and received will lie; that this case lacks those essential elements. In all cases there must be privity of contract, or before the law will imply one the parties must be connected directly with the transaction in a *contractual relation..* See *2 Wharton on Cont., secs. 728, 723; 37 Ark., 541.* The *money* must have been received, etc.

*T. J. Oliphint* for appellee.

1. The mortgage was accepted by Patton subject to the exception and *condition* that Adkins was to have $65 worth of it to pay his debt, and having gotten all the crop and a horse, and enough to pay both debts, he was liable for money had and received. *17 Mass., 574; 15 Cal., 344; 3 Wilson, 304, 307; 17 Pick., 159; 7 Cowan, 662.*

2. An agreement to forbear suit is a good consideration. (*1 Parsons, Cont., 440 to 444.*) Appellee did forbear until he became satisfied appellant would not pay him, as he promised. This was no breach of the condition.

Patton v. Adkins.

SMITH, J.   Adkins sued Patton before a justice of the peace, alleging as his cause of action that one Reasin owed him a debt of $65, which the defendant had afterwards assumed.   The plaintiff recovered judgment there, and again in the Circuit Court on appeal.

The evidence showed that the plaintiff had sold Reasin a horse for $65, and had taken his note, secured by mortgage on the crop of cotton to be raised by the debtor during the year 1881, on the Al. Hogan farm, on Bayou Meto.   This mortgage was executed in January, 1881.   In March following, Reasin executed to defendant a mortgage upon a certain horse and his entire crop of corn and cotton to be raised by him, or under his control, during that year, except $65 worth of the cotton which had been previously mortgaged to Adkins.   Reasin was living on the Al. Hogan place at the time of giving the second mortgage, but in point of fact made no crop there, having soon after moved off to another farm, where he did make a crop. Before the crop was gathered, Reasin left the country. Patton received the proceeds of the crop ; but Adkins says that he verbally promised to pay his debt provided Adkins would not go to law about it.   After waiting on him three weeks, and becoming convinced that Patton did not intend to pay, Adkins sued out an attachment against the crop, which had already been levied on to satisfy Patton's debt. But in this contest Adkins was defeated.   He then brought this action, which was determined before a jury, to whom no directions of any sort were given.

The acceptance of a deed subject to a specified mortgage, does not imply a promise on the part of the grantee to pay the mortgage debt.   If the deed contains a stipulation that the property is subject to a mortgage which the grantee agrees to pay, then a duty is imposed on him by the acceptance, and the law implies a promise to perform

CONTRACT: Implied by accepting deed of mortgaged property.

it, on which promise, in case of failure, assumpsit will lie. But here no express agreement is proved that the defendant would become personally liable, and no facts from which such an agreement can or ought to be implied. *Fiske v. Tolman, 124 Mass., 254, and cases there cited; S. C. 26 Amer. Rep., 659 and note; Hamill v. Gillispie, 48 N. Y., 556; Merriman v. Moore, 90 Pa. St., 78; Jones on Chattel Mortgages, sec. 489; Jones on Mortgages of Real Estate, sec. 761.*

Action.     The parol assumption of the debt, if not within the statute of frauds, was conditional; the condition being that Adkins should refrain from suit. And this condition was very soon afterwards violated by the institution of a suit without any demand on Patton to perform his promise.

Reversed, and a new trial ordered.