### MARTIN v. LEWINSKI.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

CHATTEL MORTGAGES—SALE OF PROPERTY BEFORE DEFAULT—PURCHASER'S LIABILITY.

    A purchaser of mortgaged chattels in the possession of the mortgagor before default, and before demand from the mortgagee, acquires a valid interest in the property, and is not liable for the conversion thereof in an action by the mortgagee.

Appeal from municipal court, borough of Brooklyn, First district.

Action by Delmer D. Martin, as assignee of the Brooklyn Hardware & Sporting Goods Company, against Philip Lewinski, to recover damages for conversion. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Alfred J. Gilchrist, for appellant.

Martin Flannigan, for respondent.

WILLARD BARTLETT, J. This is an action to recover $300 damages for the conversion of a lathe and certain appliances connected therewith. The answer contained a general denial and the plea of former adjudication in favor of the defendant. The latter plea appears to have been abandoned on the trial. The plaintiff sued as the assignee of the Brooklyn Hardware & Sporting Goods Company. It appeared that this concern sold the lathe and appliances in question to one William Holliday, and took in payment therefor the purchaser's note, dated April 15, 1899, for $404.50, payable on demand after

date. To secure the payment of this note, Holliday executed a chattel mortgage upon the lathe and appliances, which was duly filed in the office of the register of Kings county, on May 18, 1899. Holliday subsequently sold the lathe to the defendant, Lewinski, in October, 1899, and before any demand was made upon him in behalf of the plaintiff he sold the instrument in turn to a stranger, whose identity is not disclosed by the testimony. It does not appear that up to the time of this sale by the defendant any demand had been made upon Holliday for the payment of the note secured by the chattel mortgage. Under these circumstances, there having been no default in the payment of the note, and no demand of possession in behalf of the mortgagee before the sale and delivery of the property to a third person by the defendant, the mortgagee was not in a position to recover damages for conversion against the defendant. Hathaway v. Brayman, 42 N. Y. 322. The case cited holds that, where a chattel mortgage contemplates that the mortgagor is to continue in possession until default in payment, the mortgagee cannot recover, in an action for an alleged conversion against a purchaser from the mortgagor in possession, before such default, and that the remedy of the mortgagee in such case is to follow the property into the hands of the purchaser, and require its delivery to him, or the payment of his mortgage debt. The rights of the parties under such circumstances are thus stated by the commission of appeals in Hamill v. Gillespie, 48 N. Y. 556:

"While the property remained in the possession of the mortgagor and the condition of the mortgage unbroken, he had an interest subject to his control and disposition. He could sell and deliver such title as remained to him. The purchaser would take it, in case of a sale subject to the lien of the mortgage, whether its existence was ascertained by the purchaser or not, or whether the mortgagor mentioned or omitted to mention it."

These considerations preclude a recovery by the plaintiff as for a conversion of the property in controversy upon the proof contained in this record. The judgment must, therefore, be reversed.

Judgment reversed, and new trial ordered; costs to abide the event. All concur.