J. H. MAGILL LUMBER COMPANY v. LANE-WHITE LUMBER COMPANY.

Opinion delivered May 3, 1909.

1. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDINGS.—Findings of fact made by a chancellor which are not against the preponderance of the evidence will not be disturbed on appeal. (Page 429.)

2. EVIDENCE—PAROL PROOF OF CONSIDERATION OF WRITTEN CONTRACT.— Though the recitals in a bill of sale cannot be contradicted by parol evidence for the purpose of defeating such instrument, it is competent to prove by such evidence that the consideration has not been paid as recited or to establish the fact that other considerations not recited in the deed were agreed to be paid, when such proof does not contradict the terms of the writing. (Page 429.)

3. SAME—CONCLUSIVENESS OF RECEIPT.—If an acknowledgment in a bill of sale of receipt of the considerations named therein be construed as a receipt for the whole consideration, it is only *prima facie* evidence of the fact, and may be rebutted by parol evidence. (Page 430.)

4. SAME—BURDEN OF PROOF.—A mere preponderance of parol testimony is sufficient to establish an additional consideration not mentioned in a bill of sale. (Page 430.)

Appeal from Yell Chancery Court; *Jeremiah G. Wallace,* Chancellor; affirmed.

*Geo. C. Lewis,* for appellant.

The fact that the mortgagor executes a conveyance without exacting a covenant from the grantee to pay the mortgage is strong evidence that it was not intended by the parties that the grantee should be thus bound. 4 Sandf. 516; 29 Barb. 532. A witness should relate the conversation and permit the court or jury to determine what was meant to be conveyed. 62 Ark. 510; 66 *Id.* 494; 85 *Id.* 64. The acceptance of a deed subject to a specified mortgage does not imply a promise on the part of the grantee to pay the mortgage debt. 42 Ark. 199. The bill of sale contains everything of a contractual nature that the parties intended should be binding, regardless of all previous negotiations. 38 Ark. 338. Parol testimony cannot be received to add to or vary or contradict a bill free from ambiguity. 24 Vt. 55.

*Jos. M. Spradling* and *Geo. W. Dodd,* for appellee.

One party may maintain an action against another on a promise made to another for his benefit. 46 Ark. 136. Where a purchaser of property assumes an incumbrance thereon, he becomes the original debtor, even though the incumbrance is part of the purchase price. 49 Ark. 457; 76 *Id.* 292; 18 Am. Rep. 438; 77 Pa. St. 143. A deed is the exclusive evidence only to the extent that it was intended to conclude the parties. 18 Ark. 83. The only effect of the consideration clause in a deed is to estop the grantor from alleging that it was executed without consideration; and for every other purpose it is open to explanation, and may be varied by parol proof. 20 Ark. 236. Even where there is a written contract of a bill of sale, there may be some warranties which may be shown by proof *aliunde.* 24 Vt. 55.

McCULLOCH, C. J. T. E. Dollahan, one of the appellees herein, owned a sawmill outfit, including machinery, buildings on leased lands, tram-road and tram-cars and a lot of lumber and logs on yard, and sold it to one J. H. Magill as agent for a principal who was undisclosed in the bill of sale, but who is alleged to to the appellant, J. H. Magill Lumber Company, a corporation.

The sale was evidenced by a written bill of sale as follows: "Know all men by these presents: That I, T. E. Dollahan, of Ola, Arkansas, for and in consideration of the sum of one dollar and other considerations paid to me by J. H. Magill, as agent, of

Little Rock, Arkansas, at and before the sealing and delivery of these presents, the receipt of which is hereby acknowledged, have bargained, sold and .delivered, and by these presents do bargain and sell, unto the said J. H. Magill, agent, the following described property, to-wit: (here follows description of the property conveyed, except lumber and logs).

"The above is subject to mortgage held by Lane-White Lumber Company of Fort Smith for $5,150.00.

"All lumber in stock on yard.

"All logs on mill yard.

"The last two items, lumber and logs, are subject to open account of $1,500 due E. A. Parker."

Dollahan had purchased the mill outfit from Lane-White Lumber Company and executed a mortgage for the purchase price, of which the amount recited in the bill of sale was unpaid, and was payable in equal monthly installments of $150, evidenced by separate promissory notes. J. H. Magill was president and sole manager of the corporation (J. H. Magill Lumber Company), and he and his wife and son were the only stockholders.

This corporation paid the debt of $1,500 to Parker, recited in the bill of sale, and also paid three of the installment notes to Lane-White Lumber Company, but refused to pay any more. This is a suit in equity instituted by Dollahan against Magill and the J. H. Magill Lumber Company to foreclose the mortgage held by Lane-White Lumber Company, and for a personal decree against them for the amount of the debt. Lane-White Lumber Company was joined in the suit as defendant, and by answer and cross-complaint set forth the same facts alleged in the complaint and prayed for decree the same as asked in the complaint. It is alleged that appellants agreed, as a part of the consideration for the sale, to pay the debt to Parker and to Lane-White Lumber Company, and in their answer they denied this allegation. On final hearing of the cause the court rendered personal decree against appellants for the amount of the mortgage debt to Lane-White Lumber Company, and also decreed a foreclosure of the mortgage. It is denied that the purchase was made for the J. H. Magill Lumber Company, but the chancellor found that it was so made, and we think the preponderance of the evidence is not against that finding.

The testimony is also conflicting as to whether appellants orally agreed, at the time of the purchase and as a part of the consideration, to pay the mortgage debt to Lane-White Lumber Company, but we are of the opinion that the findings of the chancellor on this issue are also sustained. The testimony on this issue is nearly, if not quite, equally balanced, but the preponderance, if any, is on the side of the chancellor's findings. Certainly, the findings are not against the preponderance of the evidence, and it is our duty, in this state of the record, to leave them undisturbed. *Letchworth* v. *Vaughan,* 77 Ark. 305.

The principal contention in the case is that the bill of sale is complete and unambiguous, that it is the sole evidence of the contract between the parties, and that an additional parol agreement to pay the mortgage debt as a part of the consideration for the sale cannot be engrafted upon the contract. It has been decided by this court in numerous cases that, though the recitals as to consideration in a deed cannot be contradicted by parol evidence for the purpose of defeating the conveyance, it is competent to prove by such evidence that the consideration has not been paid as recited or to establish the fact that other considerations not recited in the deed were agreed to be paid, when it does not contradict the terms of the writing. *Vaugine* v. *Taylor,* 18 Ark. 65; *Fitzpatrick* v. *Moore,* 53 Ark. 4; *Kelly* v. *Carter,* 55 Ark. 112; *Busch* v. *Hart,* 62 Ark. 330; *St. Louis & N. A. Rd. Co.* v. *Crandell,* 75 Ark. 89.

This court in *Vaugine* v. *Taylor, supra,* quoted with approval the following statement of the law on the subject found in the opinion of Cowen, J., in *McCrea* v. *Purmort,* 16 Wend. 400: "It seems, according to the American cases, that the only effect of a consideration clause in a deed is to estop the grantor from alleging that the deed was executed without consideration; and that for every other purpose it is open to explanation, and may be varied by parol proof."

The proof in the case does not, as contended, contradict the terms of the bill of sale, which recites the consideration of "the sum of one dollar and other considerations paid to me by J. H. Magill," and that the property "is subject to mortgage held by Lane-White Lumber Company."

It is true, as held by this court, that the acceptance of a deed subject to a specified mortgage does not imply a promise on the part of the grantee to pay the mortgage debt. *Patton* v. *Adkins,* 42 Ark. 199. Neither does acceptance of a deed subject to a specified mortgage imply that there is no promise on the part of the grantee to pay the debt. Such a recital in a deed is not inconsistent with a promise to pay the debt. The two may stand together in complete harmony.

The acknowledgment in the bill of sale of receipt of the consideration named therein, even if it should be construed as a receipt for the whole consideration, is only *prima facie* evidence of that fact, and may be rebutted by parol evidence. *Greer* v. *Laws,* 56 Ark. 37.

Appellants contend that more than a mere preponderance of parol testimony is required to show an additional consideration not mentioned in a deed. They cite *Vaugine* v. *Taylor, supra,* in support of their contention. In that case the parol proof was adduced in contradiction of an affirmative recital in the deed, specifying a certain sum of money as the consideration. In other words, the parol testimony in that case contradicted the writing. In the present case it does not contradict the writing, but tends to establish an additional consideration not mentioned in the deed.

We conclude, therefore, that the case was correctly tried by the chancellor, and that the evidence sustains the decree.

Affirmed..