WARD *v.* COOPER-SEARAN GROCERY COMPANY.

Opinion delivered June 9, 1913.

EVIDENCE—PAROL PROOF OF CONSIDERATION OF WRITTEN CONTRACT.—Though the recitals in a bill of sale can not be contradicted by parol evidence for the purpose of defeating the instrument, parol evidence is admissable to show that the consideration was not as recited, and in a controversy as to the amount due by plaintiff to defendant under a bill of sale, it is competent to show how the parties arrived at the amount due.

Appeal from Pulaski Circuit Court; *Guy Fulk,* Judge; affirmed.

*R. L. Floyd,* for appellant.

Parol evidence is not admissable to contradict, vary or add to any of the terms of a written contract. 94 Ark. 132; 88 Ark. 213; 86 Ark. 162; 83 Ark. 163; 80 Ark. 505; 17 Cyc. 596; *Id.* 632; 80 Mo. App. 145; 47 Minn. 367; 45 N. W. 861; 9 Enc. of Ev. 406; *Id.* 408; 21 How. 289; 1 Am. & Eng. Enc. of L. (1 ed.), 416.

*J. H. Harrod,* for appellee.

The parol testimony complained of does not contradict the written agreement, but only explains how one of the items of the account was arrived at. It was admissible.

HART, J. The plaintiff, W. W. Ward, brought this suit against the Cooper-Searan Grocery Company to recover the possession of four promissory notes, amounting in the aggregate to $665.00, executed by W. P. and Frank D. Allen, and payable to himself. The plaintiff, for himself, testified substantially as follows:

The notes in controversy are my individual property, but I pledged them to the Cooper-Searan Grocery Company to secure a five hundred dollar note of the Faulkner Grocer Company, of which I was a member. I never sold the notes to the defendant, but did sell to J. B. Dickinson the business of the Faulkner Grocer Company, in Little Rock, Ark., and at the time of the sale, executed the following instrument of writing:

"Little Rock, Ark., September 6, 1911.

"Received of J. B. Dickinson, the sum of five hundred dollars, in payment of business of (formerly Faulkner Grocer Company) myself at 223 West Fifth Street (West Capitol Avenue), in Little Rock, Ark.   J. B. Dickinson to assume payment of accounts as follows:

"Chas F. Penzel Grocery Company...........$  133.33
"Cooper-Searan Grocery Company............  1,731.29
"Plunkett-Jarrell Grocery Company...........   297.47

(Signed)   "W. W. Ward."

The reason the notes in controversy were not delivered to me at the time the sale was made was, that Mr. Dickinson said that the notes were in the office of the Little Rock Trust Company as collateral security.   The above exhibit to my testimony constituted the entire agreement between us.

S. L. White, an attorney for the plaintiff, testified that he drew up the instrument copied above, and that it reflected the entire agreement, as stated to him by the parties who were present at the time, and that no reference was made to the notes in controversy by either of them in his presence.

J. B. Dickinson, for the defendant, testified:   The Faulkner Grocer Company, a business conducted by the plaintiff, was about to go into bankruptcy.   I bought out the business for the Cooper-Searan Grocery Company, and other creditors of the company.   I paid the plaintiff five hundred dollars to cover his exemptions, and to induce him to make the sale instead of filing a petition in bankruptcy.   He executed at the time the receipt copied above and exhibited with his testimony.   The amount due the Cooper-Searan Grocery Company was $1,731.29.   This amount was arrived at this way:   The grocer company owed the defendant $2,403.79, and this amount, by agreement between us, was credited with the notes in controversy, amounting to $665.00, leaving a balance due defendant of $1,731.29.

The jury returned a verdict for the defendant, and the plaintiff has appealed.

Counsel for the plaintiff contends that the court erred in permitting J. B. Dickinson to testify that at the time of the sale of the grocery business by the plaintiff, that the plaintiff agreed to, and did turn over to the defendant, the notes in controversy to be credited on the debt owed by him to the defendant. Counsel insists that the effect of this testimony was to vary and contradict the writing copied above which he contends was the entire agreement between the parties. In the case of *J. H. Magill Lumber Company* v. *Lane-White Lumber Company*, 90 Ark. 426, the court held:

"Though the recitals in a bill of sale can not be contradicted by parol evidence for the purpose of defeating such instrument, it is competent to prove by such evidence that the consideration has not been paid as recited, or to establish the fact that other considerations not recited in the deed were agreed to be paid, when such proof does not contradict the terms of the writing."

In the application of the rule there announced, we do not think that the court erred in admitting the testimony. The testimony did not contradict the terms of the writing, but only served to explain it. It was competent to show how the parties arrived at the amount due by the plaintiff to the defendant, and this was the purpose of the testimony in question.

In making the sale, Dickinson was acting as representative of the defendant company, and his testimony to that effect did not vary or alter the receipt he gave to the plaintiff. His testimony in this respect only served to identify the principal for whom he acted, and was competent for that purpose.

The judgment will be affirmed.