FRETWELL *v.* NIX.

Opinion delivered November 29, 1926.

1.  MORTGAGES—EFFECT OF DEED SUBJECT TO MORTGAGE LIEN.—Where
    a deed recited that it was "subject to a mortgage lien," but not
    an assumption of the mortgage debt by the grantees, the accept-
    ance of the deed did not impose liability on the grantees for the
    payment of such debt.

2.  DEEDS—MERGER OF PREVIOUS CONTRACT.—The original contract for
    the exchange of properties is deemed merged in the deed consum-
    mating the trade; the execution and acceptance of the deed being
    presumed to represent the final agreement of the parties.

3.  EVIDENCE—SUFFICIENCY TO OVERCOME RECITALS IN DEED.—Proof to
    overcome recitals in a deed as to the consideration thereof must
    be more than a mere preponderance of the evidence.

Appeal from White Chancery Court; *John E. Mar-
tineau,* Chancellor; affirmed.

*John E. Miller* and *Culbert L. Pearce,* for appellant.

*Brundidge & Neelly,* for appellee.

McCULLOCH, C. J. Appellants, J. A. Fretwell and
his wife, Sallie Fretwell, were the owners of certain farm
lands in White County, Arkansas, and appellees, J. P.
Nix and J. W. McCuen, were the owners of certain real
estate in Sebastian County, and on September 1, 1923,
these parties entered into a written contract for exchange

of said properties. The contract recited that appellants agreed to sell to appellees the farm property in White County for the following consideration:

"Thirty thousand dollars, sixteen thousand to be paid as follows: $12,500 mortgage to the Oklahoma Farm Mortgage Company and $750 interest on the east half of section 11, and all of section 2, except 97 acres in the northwest quarter, and a mortgage of $2,500, together with $250 interest, on the balance of the above-mentioned land. And $14,000 to be paid by a warranty deed to lot 21 in block 22, Main Addition, subject to $1,500 loan, and lot 2, block 538, Reserve Addition, subject to $1,700 loan, and lots 56 and 57 in Randolph Place, subject to $1,100 loan, and lot 16 in block C, Sulphur Springs Addition, all in city of Fort Smith, Arkansas; and lot 13 in block 5 in South Fort Smith Addition to South Fort Smith, Arkansas; and lots 8 and 9 in block 1, Weaver's Addition to Huntington, Arkansas; and one concrete stuccoed double office building in Hartford, Arkansas, known as the A. M. Dobbs property, subject to a $500 mortgage in favor of W. L. Roberts."

It appears from the pleadings and proof in this case that the mortgage debt of $2,500 and the $250 interest referred to in the contract was to the Arkansas Bank & Trust Company, a banking institution at Newport, Arkansas. Abstracts of title were submitted by the respective parties, and there was considerable correspondence and personal negotiation concerning the consummation of the trade, and, after a time, appellees refused to comply with the contract. Appellants executed and tendered a deed conveying the property which they had undertaken in the contract to convey, except four acres of the land, which was expressly reserved from the operation of the conveyance. The deed did not recite an assumption of the mortgage debts by appellees, but contained a recital of consideration of "the sum of $5,000 and exchange of other property," and also a recital that the conveyance was "subject to a mortgage lien in favor of the Oklahoma Farm Mortgage Company for $12,500,

and $750 accumulated interest," and "subject to a mort-
gage lien in favor of Arkansas Bank & Trust Company
of Newport, Arkansas, for $2,500, and $250 accumulated
interest." The mortgage to the Arkansas Bank & Trust
Company covered only a portion of the lands conveyed.

Appellants instituted an action against appellees in
the Sebastian Chancery Court to compel specific per-
formance of the contract, and, during the pendency of
that action, appellees accepted the deed tendered by
appellants and executed to appellants a deed conveying
the Sebastian County property specified in the original
contract. That ended the litigation in the Sebastian
Chancery Court. Appellees failed to pay the mortgage
debt to the Arkansas Bank & Trust Company, and appel-
lants instituted this action in the chancery court of White
County against appellees and against the Arkansas Bank
& Trust Company to compel the latter to foreclose the
mortgage on the lands conveyed therein and also to
recover from appellee any deficiency in the amount of
the debt after crediting the proceeds of the foreclosure
sale. The Arkansas Bank & Trust Company appeared
and filed a cross-complaint praying for a foreclosure of
the mortgage, and a decree was rendered in its favor,
with personal judgment against appellants, and a sale
by commissioner was ordered by the court. In the decree
thus rendered the court reserved for further considera-
tion the claim against appellees for the deficiency. The
sale was made by the commissioner, and Arkansas Bank
& Trust Company purchased the property for the price
of $1,500, which was credited on the personal judgment
against appellants. The sale was duly confirmed and
deed made, and subsequently there was a trial of the
cause on the question of personal liability of appellees
for the deficiency. It was alleged in the complaint that
appellees assumed liability for all of the mortgage debts
referred to in the original contract and in the deed.
Appellees answered, denying that they had agreed to
assume and pay the debts, and alleged that they had pur-
chased appellants' equity in the property, subject to the

mortgage debts. The court rendered a final decree dismissing the complaint of the appellants, Fretwell and wife, and the cross-complaint of appellant Arkansas Bank & Trust Company, and an appeal has been duly prosecuted to this court.

It is the contention of appellants that they are entitled to recover against appellees under the terms of the original contract. The argument is that the recital in the contract of the several items of mortgage indebtedness as a part of the consideration for the exchange of properties renders appellees personally liable for those debts. It is clear that, under the terms of the deed, there was no assumption of the mortgage debts, the conveyance being merely subject to those debts, and that the acceptance of the deed did not impose liability on appellees for the payment of the debts. *Patton* v. *Adkins,* 42 Ark. 197; *Felker* v. *Rice,* 110 Ark. 70, 161 S. W. 162. It is, however, the further contention of appellants that, under the doctrine announced by the court in the case of *J. H. Magill Lumber Co.* v. *Lane-White Lumber Co.,* 90 Ark. 426, 119 S. W. 822, and other cases, they are entitled to recover upon proof of any additional consideration not expressly recited in the deed. The answer to this contention is that the original contract became merged into the deed consummating the trade, and the execution and acceptance of the deed is presumed to represent the final agreement of the parties. Conceding that appellees should be permitted to prove an additional consideration, *i. e.,* an agreement to assume and pay the mortgage debt, the proof is not sufficient to overcome the presumption arising from the recital of the consideration in the deed. The proof is in conflict with the recitals in the deed, and must, in order to prevail, be more than a mere preponderance of the evidence. *Vaugine* v. *Taylor,* 18 Ark. 65; *J. H. Magill Lumber Co.* v. *Lane-White Lbr. Co. supra.* The language of the deed was selected by the grantors, and it is fair to assume that they adopted the language which expressed the contract in accordance with their

conception of its terms. There was a controversy between the parties as to the performance of the contract, and it was only after litigation had begun that appellees agreed to accept the conveyance which was executed by appellants on September 22, 1923, but not delivered to appellees until December 24, 1923, and the delivery and acceptance of the deed was in settlement of the pending litigation in the Sebastian Chancery Court. There is no proof in the record of an agreement at that time that there should be any other consideration except that expressed in the deed itself, and appellants rely entirely upon the original contract as proof of that agreement. But, as we have already stated, the original contract was merged in the deed, which is presumed, until the contrary appears, to completely recite the agreement of the parties in consummating the trade. Moreover, there is testimony in the record, adduced by appellees, tending to show that there was no intention, at the time of the consummation of the trade, to perform the original contract, for the reason that the four acres of land omitted from the deed contained the house and barn on it, and that another tract of seventeen acres was under two mortgages, and that this constituted the reasons that appellees had for refusing to comply with the original contract.

The decree of the chancery court is therefore correct, and the same is affirmed.