VIESEY *v.* WOOTEN.

4-9856             251 S. W. 2d 593

Opinion delivered October 13, 1952.

*Jim Merritt,* for appellant.

*Mullins & McCain,* for appellee.

ROBINSON, J.   On May 6, 1947, Martha Chandler, an aged woman, conveyed to Robert Wooten and his wife, the appellee herein, Eliza A. Wooten, a lot in the town of Dumas, retaining a life estate in the grantor.   In June, 1950, Martha gave a deed to the same property to appellant herein, Louise Viesey.   Martha died in October, 1950, and subsequent to her death, Eliza Wooten filed this suit asking for possession of the property.   Louise answered asking that title be quieted in her.   The action was transferred to equity where the Chancellor held Eliza Wooten's title to be good.

Appellant Viesey contends that the consideration for the deed from Martha to appellee Eliza Wooten and her husband, Robert Wooten, was that the Wootens would provide such assistance as was needed by Martha during her lifetime, and that in April, 1950, some three years later, this contract was rescinded.

There is no substantial evidence in the record that there was any consideration for the deed from Martha to the Wootens other than that expressed in the deed, which provides: "For and in consideration of the sum of $10 to me cash in hand paid by Robert Wooten and Eliza A. Wooten, the receipt of which is hereby acknowledged, and the further consideration of the many deeds of kindness shown me by Robert Wooten and Eliza A. Wooten, his wife, do hereby grant," etc.

Robert Wooten was a son-in-law of Martha Chandler by a previous marriage and had been on friendly terms with her for about forty years.   During the last years of her life, up to April, 1950, he went to her house daily and looked after her needs.   His wife, Eliza, cooked for Martha and attended her daily after Martha became bedfast. This relationship continued until Robert Wooten himself became ill and helpless, and could no longer look after Martha, nor could Eliza spare the time from Robert to do so.   It was then that the appellant, Louise Viesey, began looking after Martha.   Neither the Wootens nor

Louise had to spend any money on Martha as her welfare check was sufficient for her scant needs.

It is true that in June, 1950, Martha gave a deed purporting to convey the property to Louise. At that time Robert was very sick. He died in September before Martha died in October, and at the time of the execution of the deed to Louise, Martha was about 85 years of age and had been confined to her bed for a long time.

Mr. George D. Hester, an attorney of Dumas, prepared the deed from Martha to the Wootens. It is clear from Mr. Hester's testimony that Martha knew what she was doing and that Mr. Hester prepared the deed in accordance with her wishes. In fact, Martha was in better physical condition at the time than was Robert. Nothing was said to Mr. Hester about an agreement as to the Wootens thereafter looking after the needs of Martha, and there is nothing to that effect in the deed. If there had been an agreement whereby the Wootens were to look after Martha for the rest of her life, in all probability something would have been said to Mr. Hester about it. Apparently Martha was sound mentally and was clear in her expression to Mr. Hester regarding the conveyance to the Wootens and retaining a life estate.

The preponderance of the evidence here does not show that, as part of the consideration for the conveyance of the property to the Wootens, they were to look after Martha for the rest of her life. And, even if there had been such a preponderance of the evidence, a mere preponderance would not be enough to ingraft on the deed a consideration other than that expressed therein.

In the case of *Fretwell* v. *Nix*, 172 Ark. 230, 288 S. W. 8, this court said: "Conceding that appellees should be permitted to prove an additional consideration, *i. e.*, an agreement to assume and pay the mortgage debt, the proof is not sufficient to overcome the presumption arising from the recital of the consideration in the deed. The proof is in conflict with the recitals in the deed, and must, in order to prevail, be more than a mere preponderance of the evidence. . . . The language of the deed

was selected by the grantors, and it is fair to assume that they adopted the language which expressed the contract in accordance with their conception of its terms."

The decree of the Chancellor is therefore correct and is affirmed.