MAY *v.* ALSOBROOK.

4-9929                                    253 S. W. 2d 29

Opinion delivered December 8, 1952.

*Rose, Meek, House, Barron & Nash,* for appellant.

*T. S. Lovett, Jr.,* and *Bridges, Bridges, Young & Jones,* for appellee.

ROBINSON, Justice. On March 20th, 1950, appellant, W. D. May, made a contract with Mabel Graham Knipe, whereby, in consideration of $1,000, to be applied on the purchase price, May was given an option to purchase about 1,900 acres of land in Lincoln County, for the total sum of $32,000. He was given ninety days, after the delivery of the abstracts, to notify the seller of any material objection, and was to pay the balance of $31,000 within ten days after the title was shown to be merchantable, or acceptable to him. Later, May paid an additional $500, and the option was extended to December 28, 1950. May did not have the balance of the purchase price, $30,500, and attempted to borrow that sum from appellee, W. R. Alsobrook. May contends that he obtained this money from Alsobrook by giving, as security for the loan, a deed to the property, and that it was agreed that Alsobrook would reconvey the property to May, upon payment of $30,500 and ten per cent interest. Alsobrook denies that he received the deed as consideration for a loan, but claims that he acquired the property by a *bona fide* purchase, with no agreement to deed the property back to May. The decree was in favor of Alsobrook, and May has appealed.

There is nothing in the deed itself which shows it to be in fact a mortgage. To ingraft on a deed, terms, conditions or a consideration not expressed therein, the evidence must be clear, cogent and convincing. *Gunnels*

v. *Machen,* 213 Ark. 800, 212 S. W. 2d 702; *Sturgis* v. *Hughes,* 206 Ark. 946, 178 S. W. 2d 236. There must be something more than a mere preponderance of the evidence. *Fretwell* v. *Nix,* 172 Ark. 230, 288 S. W. 8, and *Viesey* v. *Wooten,* 220 Ark. 962, 251 S. W. 2d 593.

The question here is: does the extrinsic evidence, to the effect that the transaction was a mortgage, meet the requirements of the law in that respect? Alsobrook maintains that it was an outright purchase for the price of $32,000, thereby saving May the $1,500 down payment. May claims the transaction to be in fact a mortgage. There are circumstances supporting the contention of both parties, and to here abstract the testimony would unduly prolong this opinion.

At the time of the transaction between May and Alsobrook, James Nix was employed by May, who directed him to deliver the deed to Alsobrook early in the morning of December 28th. At the time of the trial, Alsobrook had sold the property to a third party, and Nix was then working for Alsobrook's grantee.

If Nix, who was called as a witness by appellant, testified truthfully about the circumstances of the delivery of the deed, appellant cannot prevail. He testified that at the time he delivered the deed, Alsobrook made it clear to him that he was accepting the deed only on condition that it was an outright purchase by him, with no strings attached, and told Nix to make that plain to May; that if there was any other understanding about the matter, to return his $30,500 draft which he delivered to Nix at the time. This was the amount needed to pay Mrs. Knipe on that date. Nix also testified that Alsobrook offered him the additional $1,500 to make up the $32,000, but that he would not accept it because he had not been instructed to do so. Nix further testified that before delivering Alsobrook's draft to Mrs. Knipe's attorney, he talked with May on the phone and told him of Alsobrook's message, and then May told him to deliver the draft to Mrs. Knipe's lawyer. On re-direct examination Nix further testified: "A. He (Alsobrook) told me if there were any strings attached, he instructed

me strictly, if there were any strings attached, to bring the draft back to him. Q. But that was the only thing said by him, if any strings were attached? A. He made it plain to me that he was buying the land. Q. As a matter of fact, did he say anything about buying the land? A. Yes, he made it plain that it was an outright purchase. Q. Didn't you tell Mr. Brockman and me, that the only thing he asked, is there any strings attached? A. He didn't ask me, he instructed me. He instructed me to find out from Mr. May if there were any strings, and if there was any whatsoever, for me to bring it back, for me to bring that money back.''

The trial court had the opportunity to observe the witness' demeanor, appearance, mannerisms, candor, or lack of candor, and, consequently, was in a much better position than is this court to judge the credibility of the witness.

In view of Nix's testimony, we cannot say that the evidence in the case is clear, cogent and convincing that there was an oral agreement between the parties that Alsobrook would reconvey the property to May.

Affirmed.

Mr. Justice George Rose Smith not participating.