REBSAMEN MOTORS *v*. MOORE.

5-1971                                                     329 S. W. 2d 155

Opinion delivered November 23, 1959.

*Moses, McClellan, Arnold, Owen & McDermott* and *James R. Howard,* for appellant.

*O. W. Pete Wiggins,* for appellee.

J. Seaborn Holt, Associate Justice. This is a replevin action, Sections 34-2102 — 34-2118 (Ark. Stats. 1947). On September 11, 1958, appellant, Rebsamen Motors, and appellee, Burley B. Moore, entered into a written contract whereby Rebsamen Motors was to sell and Moore was to buy a 1958 ford automobile. The purchase price was $3,051.09. Appellant gave Moore a trade-in allowance on his 1957 automobile of $1,521.09, leaving a balance due and owing Rebsamen Motors $1,530.00, plus insurance and carrying charges. This balance of $1,530.00 was to be financed through the Government Employees Finance Company of Fort Worth, Texas. Moore drew a draft on this finance company for $1,530.00 payable to Rebsamen Motors and forwarded it to the finance company in Fort Worth. The finance company refused to honor the draft because it appeared that there was a lien for a balance due on the 1957 automobile which Moore had traded in, a little in excess of $400.00, and the finance company refused to honor the draft in question until this balance was paid. Upon the return of the draft, unpaid, appellant, Rebsamen Motors, filed suit to repossess the 1958 automobile, alleging that it owned it and was entitled to its immediate possession and did take possession, after

posting the bond required. Moore answered with a general denial and counter-claimed, alleging that appellant's possession was wrongful, asked that the 1958 automobile be returned to him, for damages for its wrongful taking, and further prayed for costs and attorney's fee. Trial resulted in a verdict in favor of appellee, Burley Moore and a judgment was entered containing these recitals: "We, the jury, find for the defendant. (s) Jack S. Bew, Foreman. The jury also returned into the court the further verdict as follows: And we the jury find for the defendant on his cross-complaint, and fix his recovery in the sum of $350.00 (s) Jack S. Bew, Foreman. IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Court that the defendant, Burley B. Moore, recover of and from the plaintiff, Rebsamen Motors, Inc., the Possession of the automobile taken by the plaintiff from the defendant. It is further considered, ordered and adjudged by the Court that the defendant have and recover of and from the plaintiff and H. A. Hemmenway the sum of Three Hundred and Fifty ($350.00) Dollars on his cross-complaint together with interest thereon from this date until paid at the rate of six (6%) per cent per annum, and that said defendant have and recover of and from the plaintiff and H. A. Hemmenway all of his costs herein expended."

For reversal appellant relies on two points as follows: "(1) The court erred in admitting testimony which contradicted the terms of a written agreement (2) The court erred in failing to grant plaintiff's motion for a new trial and in giving defendant's instruction number 8."

—1—

Appellee contended that under his written contract and agreement with appellant, appellant was to allow him $1,521.09 for his 1957 car and also that appellant orally agreed to assume and pay off a lien that existed against the 1957 Ford in the amount of $430.00. Without attempting to detail here the testimony of several witnesses on this issue, it suffices to say that we think

such testimony amply supports appellee's contention that appellant did so agree. We think this testimony was properly admitted by the court, in the circumstances, to show just what were the terms of the agreement and contract between the parties. Our governing rule, in a case such as this, was stated by this court in 90 Ark. 426, 119 S. W. 822, *J. H. Magill Lumber Company* v. *Lane-White Lumber Company,* where we said: "The principal contention in the case is that the bill of sale is complete and unambiguous, that it is the sole evidence of the contract between the prties, and that an additional parol agreement to pay the mortgage debt as a part of the consideration for the sale cannot be engrafted upon the contract. It has been decided by this court in numerous cases that, though the recitals as to consideration in a deed cannot be contradicted by parol evidence for the purpose of defeating the conveyance, it is competent to prove by such evidence that the consideration has not been paid as recited or to establish the fact that other considerations not recited in the deed were agreed to be paid, when it does not contradict the terms of the writing." See also 99 Ark. 218, 138 S. W. 978, *Cox* v. *Smith.*

—2—

Appellant, Rebsamen Motors, brought an action alleging and claiming that it was the owner and entitled to immediate possession of the 1958 car and after executing the bond required, did take possession of the 1958 car, as indicated, and at time of trial Rebsamen had possession of both the 1957 Ford and the 1958 car, including Moore's equity in both cars. The record reflects, as pointed out above, that the jury found for appellee, Moore, so obviously the finding means that Rebsamen was not the owner and not entitled to possession of the 1958 car. Since Moore admits owing a balance of $1,530.00 on the 1958 car, we think it was error for the court to accept a verdict wherein no value of the 1958 car was found and render a judgment on such verdict. Sections 34-2115 and 34-2116 (Ark. Stats. 1947) provide: "34-2115. Jury to assess value of property

and determine damages.—In actions for recovery of specific personal property, the jury must assess the value of the property, as also the damages for taking or detention, whenever, by their verdict, there will be a judgment for the recovery or return of the property."

"34-2116. Judgment for recovery.—In an action to recover the possession of personal property, judgment for the plaintiff may be for the delivery of the property, or for the value thereof, in case a delivery can not be had, and damages for the detention. Where the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for the return of the property, or its value, in case a return can not be had, and damages for the taking and withholding of the property."

The verdict for $350.00 in favor of Moore on his cross-complaint is indefinite. What does it intend to cover? Was it intended to cover everything? We are unable to tell from the form of the verdict. Does this verdict mean that Moore is to get the 1958 car and make all payments on his contract with Rebsamen? Section 51-1102 (Ark. Stats. 1947) provides: "In any action in a * * * circuit court of this State, where it is attempted to foreclose any mortgage, deed of trust or to replevy, under such mortgage, deed of trust or other instrument, any personal property, the defendant or defendants in said action shall have the right to prove or show any payment or payments or set-off under said mortgage, deed of trust or other instrument, and judgment shall be rendered for the property or the balance due thereon, and the defendant may pay the judgment for the balance due and costs within ten (10) days and satisfy the judgment and retain the property."

In *Harper* v. *Futrell,* 204 Ark. 822, 164 S. W. 2d 995, we held, in effect, that this statute is applicable to a replevin action by the seller under a conditional sales contract. In 15 Ark. Digest (West) Page 185, Section 101 (1) under Form and requisites in general, Replevin, the author says: "Ark. 1867. Under Gould's Dig. c. 145, Sections 44, 45, the defendant in replevin,

upon a finding in his favor, is entitled to judgment for the return of the property to him, or may waive that right and take judgment for the value of the property, in which case it is the duty of the jury to find the value. —*Hill* v. *Fellows,* 25 Ark. 11.'' These sections of Gould's Digest are embraced in the above section 51-1102.

We conclude, therefore, that the judgment must be reversed and the case remanded for further proceedings consistent with this opinion.