E. A. WELCH and Myrtis M. WELCH
*v.* Mary Syble BREWER

CA 79-142                                   590 S.W. 2d 325

Opinion delivered November 14, 1979
Rehearing denied December 12, 1979
Released for publication December 12, 1979

764

*Gardner & Gardner,* for appellants.

*William R. Bullock,* for appellee.

MARIAN F. PENIX, Judge. This case was appealed to the Arkansas Supreme Court and by that court assigned to the Arkansas Court of Appeals pursuant to Rule 29(3).

Mary Syble Brewer, 95 year old appellee, brought suit to rescind a warranty deed. The deed was executed August 30, 1972. It deeded property belonging to Ms. Brewer to E. A. Welch (now deceased) and Myrtis M. Welch, appellants. The deed recites a total consideration of Four Thousand Five Hundred Dollars ($4,500.00). Ms. Brewer is the aunt of Ms. Welch, age 73. In June, 1972 Ms. Brewer was a resident of Ola Nursing Home. Ms. Welch and her husband visited Ms. Brewer and agreed to buy Ms. Brewer's home property in Ola. The consideration was $4,500 plus the appellants agreed to care for Ms. Brewer for the rest of Ms. Brewer's life. The Welchs contend the agreement was for Ms. Brewer to make her home with them only for so long as she could take care of herself. The Welchs moved from their home in Brinkley to Ms. Brewer's home in Ola. Ms. Brewer moved from the nursing home and began living with the Welchs. The Welchs began extensive repairs and remodeling on the house. Ms. Brewer lived with them for 25 months. She fell

and cut her head and was taken to the doctor who placed her in the hospital. The doctor advised she go to the nursing home and Mr. Welch took her from the hospital to the nursing home. The Welchs have not paid any of Ms. Brewer's nursing home expense. Ms. Brewer has paid all of these expenses herself. She brought suit to rescind the deed and the court ordered rescission. In a subsequent hearing the court determined the value of improvements made by the Welchs to be $10,000.00. A judgment for $14,500.00 was awarded Ms. Welch bearing 8% interest from date of judgment, Jan. 5, 1979, and Ms. Welch was ordered to convey property to Ms. Brewer upon payment of judgment. The order provides if judgment be not satisfied within 30 days said property shall be sold upon application of either party. The order states the rental value due Ms. Brewer and the interest, taxes, insurance, and other repairs due Ms. Welch are offsetting when considering the care the Welchs provided to Ms. Brewer; thus no damages are awarded either party for said items.

The only issue on appeal is whether Ms. Brewer, the appellee, proved by clear, cogent and convincing evidence, the Welchs promised to care for her the rest of her life and, if they did promise this, that they neglected and refused to carry out the promise. The trial judge ordered rescission of the support deed and held Ms. Brewer met her burden of proof by clear, cogent and convincing evidence.

Both parties agree that even though the deed in this case doesn't contain any statement to the effect the Welchs were to support or to care for Ms. Brewer for any period of time the law is clear in allowing this to be shown by parol evidence. *Rebsamen Motors* v. *Moore,* 231 Ark. 249, 329 S.W. 2d 155 (1959). Here the parol evidence is not in agreement as to the exact provisions of support and maintenance. Several witnesses testified for Ms. Brewer — a banker, a neighbor friend and a nephew. Several witnesses testified for Ms. Welch — a manager of a Savings and Loan who is an appraiser, a carpenter, Ms. Welch's daughter and son-in-law, a retired minister, and a physician. Not one of the witnesses actually heard the terms or was present when the agreement was first made regarding the care which was to be afforded Ms. Brewer as part of the consideration by which she deeded

her property to the Welchs. Ms. Welch's witness, Dr. Pennington, testified he learned of the terms of the agreement from the Welchs who maintained the care given Ms. Brewer was *for only as long as they were able*. He testified Ms. Brewer understood the agreement to be she was to be cared for *the rest of her life*.

It isn't reasonable a woman already past 90 would make an agreement according to the terms the Welchs propose. For her to agree to such restrictions is not likely. The probability of her being able to care for herself up until the day of her death is diminished by her already advanced years. The purpose of a support deed is to provide security both physicial and mental, to a grantor approaching the time of life when dependence on others is highly likely. The evidence shows the Welchs to be in poor health. Mr. Welch is now deceased. Mr. Welch's death and Ms. Welch's failing health are indeed unfortunate. But these facts are irrelevant to the consideration of the support deed. The language used by Justice Jones in *Wood* v. *Swift, Trustee*, 244 Ark. 929, 428 S.W. 2d 77 (1968) is pertinent to this case.

> We agree . . . that support deeds are recognized in this state; that when a deed is executed in consideration of future support and maintenance and the grantee fails to fulfill the provisions of the deed, the grantor may sue at law for damages, or may sue in equity to cancel the deed for failure of consideration. . . . While reformation of a deed or contract for fraud or mistake is a proper matter for equitable jurisdiction, the burden of proving fraud, mistake or lack of consideration rests upon the one alleging it.

The grantees in the case at hand disagreed with the grantor as to the extent of care to be rendered by them to the grantor. Each party mistook what the other party understood to be a vital element of the consideration.

All of the evidence was oral testimony. The trial judge had to weigh the testimony, observe the demeanor of the witnesses, and judge the credibility of the witnesses. *May* v. *Alsobrook*, 221 Ark. 293, 253 S.W. 2d 29 (1952). The Welchs cared for Ms. Brewer for as long as they were able. But this falls short of the complete consideration constituting their

part of the agreement as the chancellor found it to be. Their agreement was to care for Ms. Brewer for life. This they did not do. From the record it is clear the chancellor had sufficient evidence from which he could conclude the Welchs failed to provide the complete consideration for the support deed.

Affirmed.