Mamie Ford LIPE *v.* Gena C. THOMAS

CA 80-63                                               600 S.W. 2d 921
Court of Appeals of Arkansas
Opinion delivered June 25, 1980
Released for publication July 8, 1980

*Alex G. Streett* and *Jon P. Shermer, Jr.*, for appellant.

*Bullock, Hardin, & McCormick*, by: *Luther B. Hardin*, for appellees.

James H. Pilkinton, Judge. On December 19, 1973, Mrs. Mamie Ford Lipe, then age 73, deeded 4.75 acres of land to her daughter, Mrs. Gena C. Thomas. The property was improved and is now worth in excess of $100,000. It is located on Highway 64 East in the city of Russellville. Mrs. Lipe has six other living children, and the property she conveyed to her daughter, Mrs. Thomas, was all that she owned. Mrs. Lipe reserved a life estate in the property and has continued in possession.

On November 30, 1978, Mrs. Lipe filed suit seeking to set aside the 1973 conveyance to her daughter. She alleged that Mrs. Thomas gained title to the property in question through fraud, undue influence and duress. There was no allegation of incapacity to convey. The complaint alleges only that Mrs. Lipe was in a weakened mental and physical condi-

tion, and was over-reached by her daughter. It was also alleged, and is argued on appeal, that the conveyance was made without consideration.

After hearing the evidence presented, the chancellor found that the property was conveyed by Mrs. Lipe to Mrs. Thomas in 1973 as a gift; and, that the evidence presented was not clear, cogent or convincing that the deed should be cancelled. A decree was entered on this finding, and the complaint was dismissed for want of equity but the cost was assessed against the defendant. Mrs. Lipe has appealed from that decree.

Appellant first argues that the court erred in holding that the conveyance was a gift. Natural love and affection have always been sufficient consideration for a deed where the relationship of the parties is such as to justify the presumption that love and affection exist. *Gross* v. *Young*, 242 Ark. 604, 414 S.W. 2d 624 (1967); *Faulkner* v. *Byland*, 201 Ark. 1185, 147 S.W. 2d 37 (1941). Appellant takes the position that there was no testimony as to any love and affection existing between Mrs. Lipe and Mrs. Thomas. However, the record shows that Mrs. Lipe herself testified that "Gena and I got along well for a mother-daughter relationship." Another daughter testified that "I thought the relationship between my mother and Gena was good." Another daughter, Mrs. Ava Bowden, testified that Gena's relationship with her mother was closer than any of her other sisters. There was also other significant evidence showing that Mrs. Lipe freely told other people about things Mrs. Thomas had done for her, and how much she loved the appellee and her family and that she (Mrs. Lipe) couldn't do without them. Although there was testimony to the contrary, there was sufficient evidence from which the chancellor could find the love and affection necessary to support the deed in question. The chancellor was in a better position than we are to weigh the testimony, observe the demeanor of the witnesses, and judge the credibility of the witnesses. *Welch* v. *Brewer*, 267 Ark. 763, 590 S.W. 2d 235 (Ark. App. 1979); *May* v. *Alsobrook*, 221 Ark. 293, 253 S.W. 2d 29 (1952). A careful examination of the testimony reveals that all of the elements of a gift were present in this case. To say the least, there was sufficient evidence from which the chancellor could properly find that

appellant in 1973 made a gift of this property to her daughter.

The appellant argues that she was over-reached, and that the conveyance was the result of fraud, undue influence and duress. However, there is no substantial evidence to show that Mrs. Lipe, although advanced in years, was in a weakened physical and mental condition in December, 1973, when she made this particular deed. There is also no substantial testimony that Mrs. Lipe was deprived of contact with other members of her family, specifically her children. On the contrary, there is evidence that Mrs. Lipe made Mrs. Thomas vow that neither one of them would tell the other children about the gift to avoid any misunderstanding and hard feelings. The appellant strongly contends that she was told, or was led to believe by Mrs. Thomas, that she would be put in a nursing home; and, that the only way she could be assured of not being put in a nursing home was to deed the property in question to her daughter, Mrs. Gena Thomas. Mrs. Thomas denied making statements to her mother about putting her in a nursing home, or even hearing statements from anyone about her mother being placed in a rest home. Although Mrs. Lipe said that Mrs. Thomas threatened to put her in a rest home if she did not give her a deed to the property, Mrs. Lipe also testified that she didn't really think she would have to go to a nursing home, if she didn't make the deed, because she didn't believe that the rest of the children would stand for it and let her go. The testimony on this matter is conflicting, and it was the prerogative of the chancellor to determine the weight and credibility of the various witnesses. *Welch* v. *Brewer, supra.*

The record also shows that in 1953 Mrs. Lipe deeded this same property jointly to her son, Mack Cheatham, and to Gena Thomas. They subsequently re-conveyed the property to their mother. In 1964 Mrs. Lipe made a will under the terms of which she devised all of her property to Mack Cheatham and to Mrs. Thomas. The testimony is clear that as early as 1953 Mrs. Lipe intended that all that property which she owned at the time of her death should be divided between these two children. In fact, Mack Cheatham testified

that he and Mrs. Thomas had always been favored by their mother.

Testimony in this case further shows that problems arose in 1973 between Mack Cheatham and his mother. Mrs. Lipe did not approve of Mack Cheatham's wife and testimony shows that Mrs. Lipe took steps to insure that neither Mack nor his wife would share in her estate. The evidence shows that Mrs. Lipe first executed a new will in 1973 which devised all of her property to Mrs. Thomas. Shortly thereafter, and apparently realizing that a will could be contested, Mrs. Lipe decided that the best way to accomplish her objective was to make a deed. According to the testimony of the appellee, Mrs. Lipe stated, "They can contest the will, but they cannot contest a deed." She then executed the conveyance now in question but reserved a life estate in the property.

There is evidence in the record to show that the other children, principally Mack Cheatham, finally found out about the conveyance; and ultimately caused their mother to become dissatisfied, and to attempt to reconsider. This lawsuit was then filed in 1978 in an effort to set aside the 1973 conveyance.

This is not a case where it is contended that the deed was invalid because of the incapacity of the grantor. Here it is contended that the deed was obtained by duress or fraud. Under such circumstances, the law requires that the proof be clear, cogent and convincing before the deed can be set aside. *Duncan* v. *Hensley*, 248 Ark. 1083, 455 S.W. 2d 113 (1970); *Davidson* v. *Bell*, 247 Ark. 705, 447 S.W. 2d 338 (1969). The chancellor found that the appellant, as plaintiff below, had failed to discharge the required burden of proof. We are unable to say that the chancellor's findings were clearly against even a preponderance of the evidence; and the proof falls far short of being clear, cogent and convincing.

Affirmed.