MOTT *v*. AMERICAN TRUST COMPANY.

Opinion delivered May 15, 1916.

1. MORTGAGES—PURCHASE OF MORTGAGED LANDS—LIABILITY OF PURCHASER. —The acceptance by appellant of a deed containing a recital showing that the land purchased was subject to a certain mortgage, did not constitute an obligation on appellant's part to pay the mortgage debt, nor did it render him legally liable for its payment.

2. MORTGAGES—PURCHASE OF MORTGAGED LANDS—PERSONAL LIABILITY OF PURCHASER.—Appellant purchased lands, the deeds reciting "subject, however, to a mortgage in the sum of $1,000 due and payable to" * * * the appellee; *held*, parol testimony to show appellant's personal liability was inadmissible, and a personal judgment against him for the amount of the debt was erroneous.

Appeal from Craighead Chancery Court, Western District; *N. F. Lamb*, Special Chancellor; reversed.

*Hawthorne & Hawthorne* and *Little & Lasley*, for appellant.

1. The contract is clear, complete and unambiguous, and it was not competent to show by parol testimony an additional consideration. 99 Ark. 223.

2. There was no assumption of the mortgage debt by Mott. 27 Cyc. 1344; 3 Pomeroy 2404; 2 Devlin on Deeds, 2072.

3. An acceptance of a deed subject to a specified mortgage does not imply a promise by the grantee to pay the debt. 47 Ark. 197; 90 *Id*. 426; 15 L. R. A. (N. S.) 1087.

4. The burden was on plaintiff to establish the assumption of the debt. 63 Am. St. Rep. 892.

*J. R. Turney*, for appellees.

1. The evidence is clear to show an assumption of the mortgage debt and the testimony was admissible. 18

Ark. 65; 55 *Id.* 112; 75 *Id.* 89; 90 *Id.* 429; 110 Ark. 70; 90 S. W. 426; 110 Ark. 63; 160 S. W. (Mo.) 63.

McCULLOCH, C. J.   E. P. Mathes owned a tract of land in Poinsett County, Arkansas, containing one hundred acres, and on April 4, 1914, mortgaged it to American Trust Company, a corporation engaged in the banking business in the city of Jonesboro, Arkansas.   On the same day, but after the execution and recording of the mortgage to American Trust Company, Mathes sold and conveyed the land to W. R. Flannigan and F. V. King, the deed containing a recital that it was executed "subject to first mortgage of this date to American Trust Company for $1,000, with interest at 10 per cent., due April 4, 1915."   In June, 1914, Flannigan and King conveyed the land to Mott, the deed reciting the consideration to be $2,500 "cash in hand paid," and containing a further recital that the deed was made "subject to a mortgage to the American Trust Company for $1,000, with interest at the rate of 10 per cent. per annum, due April 4, 1915."

There was default in the payment of the mortgage note, and the mortgagee, American Trust Company, instituted this action in the chancery court of Poinsett County, praying for a foreclosure, and Mathes, Flannigan, King and Mott were all joined as defendants. Mathes and Flannigan filed cross-complaints against Mott, and those pleas, as well as the original complaint, alleged that Mott had expressly agreed as a part of the consideration for the conveyance of the land to him to pay said mortgage debt.   Mott answered, denying that he had entered into any such agreement or had in any wise obligated himself to pay the mortgage debt.   The chancellor, on the final hearing of the cause, decreed in favor of the American Trust Company for foreclosure of the mortgage and for the recovery from each of the defendants personally the amount of the mortgage debt.   Mott has appealed to this court.

(1)   It is conceded that the acceptance by Mott of the deed containing the recital showing that it was subject

to the mortgage did not constitute an obligation on his part to pay the mortgage debt nor render him legally liable for its payment. *Patton* v. *Adkins,* 42 Ark. 197; *J. H. Magill Lumber Co.* v. *Lane-White Lumber Co.,* 90 Ark. 426. There was an effort to prove by parol evidence that Flannigan and King agreed orally, as a part of the consideration of their purchase from Mathes, to pay the mortgage debt to American Trust Company, and that appellant Mott agreed orally, as a part of the consideration of the deed to him from Flannigan and King, to pay said mortgage debt. There was a conflict in the evidence on that issue which we deem it unnecessary to attempt to reconcile inasmuch as we reach the conclusion that the testimony was incompetent. That is one of the points raised by this appeal, and we think that the decision of that point is conclusive of the case.

(2) Appellee relies upon the case of *J. H. Magill Lumber Co.* v. *Lane-White Lumber Company, supra,* as conclusive of the right to introduce oral testimony, but that case does not reach to the facts of the present one. If there were nothing else in the present case in the form of a written contract except the deeds containing the recital, there would be no legal objection to the introduction of parol testimony to establish the agreement to pay an additional consideration, for that would not constitute an attempt to vary the terms of the written contract. There is, however, more than that involved in this case. It appears from the evidence that the conveyance of the land to appellant Mott was a part of the consideration of a written contract entered into by Flannigan and Mott for the sale by Mott to Flannigan of a livery stable outfit in the city of Jonesboro. The contract was produced and it sets out in great detail the terms of the sale, and among other things stipulated that Flannigan should, as a part of the consideration for the sale of the livery stable property, convey to Mott the Poinsett County land "subject, however, to a mortgage in the sum of $1,000 due and payable to American Trust Company, of Jonesboro, Arkansas," which is the exact

language of the recital in the deed. No mention is made in the contract of any agreement on the part of appellant Mott to assume the payment of the mortgage. The contract recites the various items of the consideration, all of which aggregated the sum of $11,400, consisting of $4,000 in cash and several conveyances of real estate in addition to that conveying the Poinsett County land. The contract also recites many other reciprocal obligations of the respective parties. The consideration mentioned in this writing was contractual in its nature, and an attempt to prove by parol an additional consideration necessarily constitutes a variance of the terms of the writing itself. This distinction is clearly recognized in our decisions, and we have held that it was improper to permit oral evidence of an additional consideration where there was a written contract showing that the different considerations were of a contractual nature.

This question is thoroughly discussed in the case of *Williams* v. *Chicago, Rock Island & Pacific Railway Co.,* 109 Ark. 82, where we quoted with approval the following rule stated in 17 Cyc. 661: "Where the statement in a written instrument as to the consideration is more than a mere statement of fact or acknowledgment of payment of a money consideration, and is of a contractual nature, as where the consideration consists of a specific and direct promise by one of the parties to do certain things, this part of the contract can no more be changed or modified by parol or extrinsic evidence than any other part."

We also quoted from the Supreme Court of Minnesota, in the case of *Kramer* v. *Gardner,* 104 Minn. 370, as follows: "But where the expressed consideration is more than a stated amount of money paid or to be paid, and is of a contractual nature, parol proof is inadmissible to vary, contradict or add to its terms."

Many other authorities are discussed in the opinion, and quotations are taken therefrom which bear with great force upon the question involved in the present case. We reach the conclusion, therefore, that this case falls within the doctrine announced which renders parol

testimony inadmissible. There being no other evidence of liability on the part of the appellant Mott, it results that the decree against him was erroneous so far as it held him personally liable for the amount of the mortgage debt.

The decree is therefore reversed and the cause remanded with directions to enter a decree in accordance with this opinion.