HUDSON *v.* UNION & MERCANTILE TRUST COMPANY.

Opinion delivered November 20, 1922.

ESTOPPEL—INCONSISTENT POSITIONS.—Where a widow, after notifying the administrator of her husband's estate that she intended to claim money deposited by her husband in his own name as her own, filed a petition in the probate court, alleging that decedent died seized thereof, and praying that she be allowed a widow's interest therein, she was estopped to claim

the fund as her individual estate after the court allowed her one-third of the amount, which she accepted, and the administrator, believing she had abandoned her claim to the entire fund, paid the balance in good faith on claims probated against decedent's estate.

Appeal from Independence Chancery Court; *Lyman F. Reeder,* Chancellor; reversed.

*Samuel M. Casey,* for appellants.

Plaintiff is estopped by the action of the widow in filing a petition for dower out of the funds in controversy, obtaining an order under such petition from the probate court directing the administrator to deliver to her that part which was allowed to her as dower out of the fund, and her acceptance of the same from the administrator.    57 Ark. 638; 96 U. S. 267; 59 Ark. 441; Bigelow on Estoppel, 6 Ed., 783-732; *Belding* v. *Whittington,* 154 Ark. 561;    99 Ark. 260;    Words and Phrases, vol. 3, first series, p. 2498; 21 C. J. 1148; 10 R. C. L. 699-703; 54 Ark. 70.

*Earl C. Casey,* for appellee.

The probate court petition, made an exhibit to the agreed statement of facts, nowhere prays for an allowance of dower, but the prayer was that the administrator be directed to set apart and deliver to her "such part of said estate as she was allowed under the law."

It was held on former appeal that the fund in controversy created an estate by entirety in personal property.    After Richardson's death, the entire amount became the property of the survivor.    She would not be estopped, therefore, to claim the remainder, even though she had received a part thereof under the name of dower. 147 Ark. 6-11; 30 Ind. 444; 30 L. R. A. 310, 311, note. There is absent in this case that intent which is essential to call into effect the doctrine of equitable estoppel. Story, Eq. Jur. 14 Ed. vol. 3, p. 569, § 1989; Pomeroy, Eq. Jur. vol. 2, p. 1440, § 811; 16 Cyc. 726; 54 Ark. 499; 148 Ark. 300-301.

HUMPHREYS, J. This case was here on appeal under the style of *Union & Mercantile Trust Co. v. Hudson,* to determine whether the bill stated a cause of action. The case is reported in 147 Ark. 7. Reference is made to it for the allegations contained in the bill, instead of setting them out herein. Upon the reversal of the decree dismissing the bill and a remand of the cause, an answer was filed interposing, among other defenses, the defense that, after appellee's executrix had notified appellants that she was claiming the funds on deposit in the First National Bank as her individual property, she filed a petition in the probate court, where her deceased husband's estate was being administered, for the dower interest in the particular fund in question, which was allowed and paid to her; that, relying upon her election to take dower, the administrator paid the balance of said fund, on the order of the probate court, on preferred claims proved against the estate of V. G. Richardson, deceased.

The cause was submitted to the court upon the pleadings and an agreed statement of facts, with exhibits attached, which resulted in a decree in favor of appellee for $4,885.28, the balance of the fund, including interest, which was on deposit in said bank when V. G. Richardson died, from which judgment is this appeal. The defense interposed and set out above was incorporated in substance in the agreed statement of facts. The following paragraph appears therein:

"Administration was granted to the defendant on the V. G. Richardson estate on the 28th day of May, 1918, and thereafter the said Willie A. Richardson, widow of V. G. Richardson, with full knowledge that said money was on deposit in the First National Bank at Batesville, in the name of V. G. Richardson, filed a petition for dower out of said funds and moneys in the Independence Probate Court, a copy of which petition is hereto attached, marked Exhibit 'C', and made a part of this statement of facts." Exhibit "C" referred to in said paragraph is as follows:

"Petition for assignment of dowry and personalty. In the matter of the estate of V. G. Richardson, deceased.

"Mrs. Willie Alexander Richardson, who is the widow of V. G. Richardson, deceased, states at the time of the said V. G. Richardson's death, he was solvent and was possessed of personal property in the excess of $300 in value, as shown by appraisement list filed herein.

"Also, the said V. G. Richardson, before his death, executed a certain will devising and giving all of his estate to the said petitioner, and same has been filed for probation, but your petitioner elects to take her interest as allowed her by law rather than take under said will.

"The said V. G. Richardson died seized and possessed of certain personal property, consisting of notes, money in the bank and other personal property of the value of approximately $8,000, which is shown by inventory filed by the administrator herein, with the exception of about $6,000, which is deposited in the First National Bank of Batesville, Ark., to the credit of the estate of the said V. G. Richardson.

"The petitioner, therefore, prays that Roy Hudson administrator of the estate of the V. G. Richardson, be directed to set apart and deliver to her such part of said estate as she is allowed under the law governing a widow's allowance, and for all other proper and equitable relief.

(Signed in person) "WILLYE A. RICHARDSON,

"Casey & Thompson, *Attorneys*."

Appellant's contention is that, under the agreed statement of facts, appellee's testatrix was estopped from claiming the fund on deposit as her individual estate, and that the court erred in not dismissing the bill. We think they are correct in this contention. The doctrine of equitable estoppel has been defined by this court as follows: "Estoppel *in pais* is conduct intended and calculated to induce and in fact inducing another person to alter his condition so that it would be a fraud on him to allow the person to take an inconsistent atti-

tude to his detriment." *Thompson* v. *Wilhite*, 131 Ark. 77; *Johnson* v. *Taylor*, 140 Ark. 100. After appellee's testatrix knew that her husband deposited the money in question in his individual name in the bank, which had been derived from a mortgage on lands owned by them in entirety, and after she had notified appellants that she intended to claim the money as her own, she filed a petition in the probate court alleging that her husband died seized and possessed of it and prayed that she be allowed a widow's interest therein. The court allowed her one-third of the amount, which was paid to and accepted by her. Thereafter the administrator of her husband's estate, under the belief that she had abandoned her claim to the entire fund, paid the balance of the fund out, in good faith, on preferred claims which had been proved against the estate of her husband which had been ordered paid by the court. These facts bring the instant case within the doctrine of equitable estoppel as defined in the cases cited above, and also within the rule announced in the case of *Beam* v. *Copeland*, 54 Ark. 70.

For the reasons indicated the decree is reversed, and a decree is entered here dismissing appellee's bill for the want of equity.