## Pelt v. Dockery.

### Opinion delivered February 27, 1928.

1. DEEDS—CONSTRUCTION TO GIVE EFFECT TO EVERY PART.—In construing a deed, every part of the instrument should be given effect, if the same can be done consistently with the rules of law.

2. DEEDS—CONSTRUCTION.—The fundamental rule in construction of deeds is to give effect to the intention of the party executing the instrument to be arrived at through the language used in the entire writing, and in some cases aided by extrinsic evidence of the maker's intention, subject, however, to the general rule that an intention plainly expressed by the face of the instrument cannot be contradicted by parol.

3. DEEDS—CONSTRUCTION TO GIVE EFFECT.—A construction of an instrument which will deprive it of any effect will not be adopted, if it can be reasonably avoided, and the practical construction given the instrument by the parties may also be considered.

4. DEEDS — CONSTRUCTION OF INSTRUMENT.—Where a husband "granted, bargained, sold, and conveyed" certain real estate to his wife, with a statement that it was understood and agreed that the deed was to take effect and be enforced after his death, but that the title should remain in him as long as he lived, which instrument was not only executed and delivered, but was recorded, it was *held* to be a deed, and not a will.

Appeal from Lafayette Chancery Court; *J. Y. Stevens*, Chancellor; affirmed.

*R. T. Boulware*, for appellant.

*Searcy & Searcy*, for appellee.

MEHAFFY, J. Appellants, plaintiffs below, filed suit in Lafayette Chancery Court against the appellees, defendants below, alleging, in substance, that A. B. Dockery and Minnie Dockery, his wife, being indebted to said John D. Pelt in the sum of $2,276, did on January 6, 1921, execute their promissory note for said sum, due in one year and two years after date thereof, bearing interest at the rate of 10 per cent. per annum from date until paid, and that, to secure the payment of said indebtedness, defendants executed and delivered to plaintiff a deed of trust whereby they conveyed to Louie Pelt, as trustee, the northeast quarter of section 20, township 15 south, range 22 west, in Lafayette County, Arkansas.

At the time suit was begun there was a balance due on said indebtedness of $1,948.87 and interest. Deed of trust was recorded. Minnie Dockery joined with her husband in said conveyance, and waived her rights of dower and homestead. A. B. Dockery died in 1923, leaving as his only heirs Ester Dockery, Lester Dockery, Jim Dockery, Berry Dockery, Dary Dockery, Daniel Dockery, Goodley Dockery and Odessa Wesley, the appellees, and others who were made parties and summoned, but who did not appear or make any defense.

The appellees claimed title to one-half of the above described land under the following instrument:

"Know all men by these presents: That I, A. B. Dockery, of Lafayette County, Arkansas, for and in consideration of the sum of one dollar to me in hand paid by Julia Dockery, receipt of which is hereby acknowledged, and for the further consideration of the love and affection I have and bear for my said wife, Julia Dockery, do hereby grant, bargain, sell and convey unto the said Julia Dockery and unto her heirs and assigns forever, the following lands lying in the county of Lafayette, and State of Arkansas, to-wit: East half of the northeast quarter of section twenty, in township fifteen south, range twenty-two west, containing 80 acres of land, more or less. It being understood and agreed that this deed is to take effect and be in force after my death, and that the title to said land is to remain in me so long as I may live. To have and to hold the same unto the said Julia Dockery and unto her heirs and assigns forever, with all appurtenances thereunto belonging. And I hereby covenant with said Julia Dockery that I will forever warrant and defend the title to the said lands against all lawful claims whatever.

"Witness my hand and seal on this 22d day of September, 1906. (Seal) A. B. Dockery."

Said deed was properly acknowledged and recorded on the same day.

Appellees were the only heirs of Julia Dockery. Julia Dockery died in 1910. Appellees asked that said

deed of trust to Louie Pelt be canceled in so far as it concerned the land described in deed of A. B. Dockery of September 22, 1906. Plaintiff J. D. Pelt died while the suit was pending, and J. H. Landes was appointed administrator *ad litem*, and suit was revived in the name of the administrator *ad litem*.

Plaintiffs filed a general demurrer to defendants' answer. Court overruled the demurrer, and rendered judgment in favor of defendants. Plaintiffs excepted, prayed appeal to the Supreme Court, which was granted.

The only question for the consideration of this court is whether the instrument above set out is a valid deed, or whether it is of a testamentary nature, and void. The appellant contends that the following clause in the instrument, "it being understood and agreed that this deed is to take effect and be in force after my death, and that the title to said land is to remain in me as long as I live," makes it void because it is contended that it conveys nothing *in praesenti*. Appellant states that it does not appear that the precise question involved here has ever been before this court, but attention is called to the case of *Cribbs* v. *Walker,* 74 Ark. 104, 85 S. W. 244. In that case the court said:

"The form is that of a deed, the words, 'grant, bargain, sell and convey' used, being appropriate to the office of the deed and inappropriate in a will. * * * The only words in them that can be said to be evidence of intention to make a will are, 'and the deed shall go into full force and effect at my death,' but we are to construe these words in connection with the whole deed. Every part must have its effect, if the same can be done consistent with the rules of law."

The deed in the instant case has the clause, "it being understood and agreed that this deed is to take effect and be in force after my death, and that the title to said land is to remain in me so long as I live." There is practically no difference between this clause and the clause in the case above referred to, but in the instrument we are considering it is in the form of a deed, and uses the words,

"grant, bargain, sell and convey"; in fact all of the words necessary to make a valid deed. It was executed by Dockery on September 22, 1906, acknowledged the same day, and filed for record and recorded on the same day. It must be kept in mind that every part of the instrument must have its effect, if the same can be done consistent with the rules of law. Construed in this way, it was evidently the intention of Dockery to give the land to his wife.

The appellant cites and relies on *Murphy* v. *Gabbert,* 166 Mo. 596, 66 S. W. 536, 89 Am. St. Rep. 733. The court held in that case that it was not the intention of the grantor to pass any present interest in the property.

There is a conflict in authorities on this question, but the decisions of this court are controlling, and settle the question in accordance with the decision in the case of *Cribbs* v. *Walker, supra.*

When the whole deed is considered, it seems clear that it was the intention of the grantor to deed the property to his wife. The rule of construction is that effect must be given to the intention of the party. "The fundamental rule in the construction of both wills and deeds is to give effect to the intention of the party executing the instrument, to be arrived at through the language used as found in the entire writing, construed in the light of all the attending circumstances, and in some cases aided by extrinsic evidence of the maker's real intention; or, where the language of the instrument is doubtful, as to how he regarded the transaction, such aider, however, being subject to the general rule that intention plainly expressed by the face of the instrument cannot be contradicted by parol." 8 R. C. L., p. 931.

"There is more or less conflict of authority as to the effect of recitals attempting to postpone the operation of a deed until the grantor's death. Many cases are to be found in which instruments containing such words have been construed as being testamentary, while others treat the words that the instrument is not to take effect until the death of the grantor, as a clumsy way of express-

ing that the deed is not to take effect in possession or in the enjoyment of the property until the grantor's death. If it is necessary to hold that the instrument is a deed in order to uphold it, the general rule applies, of course, that the court will, if possible, so construe the instrument as to give it effect, and that a construction of an instrument which would deprive it of any effect will not be adopted if it can reasonably be avoided; and the practical construction given the instrument by the parties · may also be considered, as where the grantor allows it to be recorded and permits the grantee to sell the land, or where, in a partition suit brought by the grantor, both parties to the instrument treat it as a deed." 8 R. C. L., p. 932-3.

When we consider the whole instrument, and keep in mind the fact that it was not only executed and delivered but recorded, and that there was no power of revocation, and the further fact that we should give the instrument such a construction as will uphold it if possible, it seems to us that the instrument must be construed as a deed. In the case of *Bunch* v. *Nicks,* 50 Ark. 367, 7 S. W. 563, in construing a deed which provided, among other things, that it should not go into full force and effect until the grantor's death, the court said:

"We think the instruments in question were valid · deeds, and conveyed a present title to the donees, with the postponement of the right of the use and possession until the donor's death. It is obvious that the intention of the donor was to give his property to the children mentioned in the deeds, reserving the right to use and hold the same and to enjoy the profits thereof during his life. The evidence of this intention, afforded by the instruments themselves, are: (1) The form is that of a deed, the words, 'grant, bargain, sell and convey,' used, being appropriate to the office of the deed, and inappropriate to a will. (2) They contain a covenant of warranty, whereby the donor agrees to forever warrant and defend the title to the land to the donees and their heirs and assigns, against all lawful claims whatsoever. (3) .

The donor himself calls them deeds of conveyance; and it is unreasonable to suppose he would call what he intended as a will deeds of conveyance. (4) They were executed, delivered and acknowledged as deeds. The only words used in them that can be said to be evidence of an intention to make a will are, 'and the deed shall go into full force and effect at my death.' But we are to construe these words in connection with the whole deed. Every part must have effect, if the same can be done consistently with the rules of law. Construed in this way, it is evident that the intention of Nicks was to give the land and sell the personal property he had at the time they were executed, to the grantees, and to reserve the use and enjoyment thereof for and during his life.''

Numerous authorities are cited in the above case, and it has since been followed by this court. See also, *Seals* v. *Pierce,* 83 Ga. 787, 10 S. E. 589, 20 Am. St. Rep. 344; *Love* v. *Blauw,* 59 Pac. 1059, 61 Kan. 496, 48 L. R. A. 257, 78 Am. St. Rep. 334; *Pentico* v. *Hays,* 88 Pac. 738, 75 Kan. 76, 9 L. R. A. (N. S.) 224.

The court below was correct in overruling the demurrer and in rendering the decree for appellees, and the decree is therefore affirmed.