SMITH v. SCHOOL DISTRICT No. 14.

4-4252

Opinion delivered May 25, 1936.

*J. C. Brookfield,* for appellants.

*Giles Dearing,* for appellees.

MEHAFFY, J.   Some time in 1904 or 1905, Mrs. Sallie E. Smith, the appellant, and her husband, T. H. R. Smith, conveyed to School District No. 14, one acre of land.   A school house was built on the land, and the house and acre of land were used by the school district until District 14 and other districts were consolidated, creating Parkin Special School District.

On November 30, 1934, Mrs. Sallie E. Smith and M. T. Smith, appellants, filed suit in the Cross Chancery Court against the appellees, J. G. and Tom Woods, Parkin Special School District, School District No. 14, Mrs. A. H. Park, president of the Board of Directors, I. H. Thompson, Roy Coldren and Joe Wood, Jr., directors.   Appellants alleged that M. T. Smith, appellant, was the owner by deed from appellant, Sallie E. Smith, and by inheritance from his father, T. H. R. Smith, of the northeast quarter of the southeast quarter of section 3, township 8 north, range 5 east; that Sallie E. Smith is the widow of said T. H. R. Smith, deceased, and that she was the owner of one-half interest in said land, and that her husband was the owner of one-half interest; that District No. 14 has been absorbed and succeeded by Parkin Special School District.   Appellants allege that the one acre conveyed to the school district was with a reservation to the effect that whenever the land should cease to be used for school purposes, it should revert to the grantors or their heirs and assigns.   It was also alleged that the school house was not built on the lands conveyed, but that that location was abandoned and the school house built at a different place; that the property was used for school purposes until recently, when it was abandoned, and that appellees refused to return possession of the one-acre tract to appellants.   They further alleged that the deed had either been changed since it was signed, or was a forgery as it now appears of record. They prayed for a cancellation of the deed, and that they be restored to possession.

Appellees filed an answer denying the material allegations in the complaint, and alleging that the acre of land was purchased for a valuable consideration, and denied that there was any reservation in the deed.

The deed, which appears to have been introduced in evidence, is not in the transcript. The decree, however, recited that in 1905 T. H. R. Smith and the appellant, Sallie E. Smith, did for a valuable consideration, execute and deliver to School District No. 14 of Cross county, Arkansas, one acre of land as described in the complaint, but the court further finds that by an honest mistake on the part of all parties the deed was written to recite: "Beginning on one-fourth (¼) section *section* line 12 links south of center of section three," when in truth and in fact it was intended to read and recite "Beginning on one-fourth (¼) section line 12 chains south of the center of section three, in northeast quarter (NE¼) of the southwest quarter (SW¼) of section three (3), in township eight (8) north, range five (5) east, in Cross county, Arkansas."

The principal question in the case is whether there was an absolute deed to the acre of land for a valuable consideration, or whether the land was given to the district with a provision in the deed that it should revert to the grantors if it ceased to be used for school purposes.

The lower court found that the schoolhouse was in truth and in fact actually located upon the one acre of ground twelve chains south of the center of the section described, and upon the lands actually intended to be conveyed to said school district; that there are no conditions, reservations or exceptions in said deed, and that the plaintiffs have wholly failed to establish their contentions in said action, and that their complaint is dismissed for want of equity.

Evidence was introduced by the appellants tending to show that the property had been abandoned for school purposes, and also evidence tending to show that T. H. R. Smith had stated on numerous occasions that the property was to revert to the grantors when it ceased to be used for school purposes. The appellant, Mrs. Sallie E. Smith, testified that her husband had told her that he

had leased the land to the school district and that, if they did not need it or use it for school purposes, it was to come back to him or his heirs. There was also evidence that S. M. Rogers, now deceased, had stated that the understanding was that the land was to revert to Smith if it ceased to be used for school purposes.

The deed itself showed, as found by the court, that it was an absolute deed for valuable consideration; was properly acknowledged and recorded, and was executed about 30 years ago. The evidence also shows that there was a mistake in the description in the acre of ground, but that the schoolhouse was built on the ground actually intended to be conveyed, and the mistake was in describing the place of beginning as so many links, instead of chains.

It is first contended by appellant that the court did not consider the testimony as to what Smith and Rogers said, and that this testimony was competent. In the first place, the record shows that there was a motion to strike this testimony, but the record does not show that the court ruled on this motion. The decree, however, shows that the court considered the testimony of these witnesses.

Appellant calls attention first to 22 C. J. 232, Note A. The quotation by appellant is from the case of *Smith* v. *Hanson*, 34 Utah 171, 96 Pac. 1087, 18 L. R. A. (N. S.) 520. The court in that case held the evidence incompetent. The court said: "Was it sufficiently made to appear that the declarations were against the interest of the declarant at the time when made? The authorities generally hold that to be against interest the declaration must be against a pecuniary or proprietary interest of the declarant."

It was held in that case that the declaration was not against the interest of the declarant, and in the instant case it may be said that if Smith made the declaration which the testimony shows he made, the statement was not against his interest, but was more in the nature of a self-serving declaration. Smith was conveying the property, and a declaration that it was to revert to him under

certain conditions was certainly not against his interest, and the testimony was, therefore, incompetent.

This court has said: "Where the deed is absolute on its face and contains no reservations of the rents, proof of an oral reservation is not admissible." *Nelson* v. *Forbes & Sons,* 164 Ark. 460, 261 S. W. 910.

The deed in the instant case was absolute on its face. It conveyed title in fee simple for a valuable consideration. It had been made more than 30 years, and the evidence tending to contradict or vary the terms of the deed was incompetent.

It is true that parol evidence is admissible for the purpose of showing the true consideration, or that the consideration is other and different from that expressed in the written instrument, but this is an exception to the rule, and if the stated consideration is in the nature of a contract, that is, if by it a right is vested, created or extinguished, the terms of the contract thereby evidenced cannot be varied by parol evidence. *Texas Company* v. *Snow,* 172 Ark. 1128, 291 S. W. 826.

Moreover, the terms of the deed are controlling. "The testimony of this witness to the effect that he saw a deed from his uncle, Jake Wolf, to M. J. Wolf, in which Dry Branch was made the line, is incompetent for the reason that, if such deed was in existence, it was the best evidence. It was not shown that this deed was lost or destroyed, nor that it could not be produced. The testimony of this witness that his uncle, M. J. Wolf, told witness that this Dry Branch was the line between these lands conveyed to Baker and Caldwell was pure hearsay and cannot be considered." *Spencer* v. *Pierce,* 172 Ark. 108, 287 S. W. 1019.

If the deed or conveyance was for a valuable consideration, it is wholly immaterial whether the school district continued to use the property for school purposes. The evidence shows that $50 would be a good price for the acre now, and that $35, the amount mentioned in the deed as a consideration, was the full value of the acre of land at the time. Having reached the conclusion that the competent evidence shows conclusively that the land was sold, and a fair value paid for

it; it becomes unnecessary to decide the other questions discussed by counsel.

The decree of the chancery court is sustained by the preponderance of the evidence, and, is, therefore, affirmed.