DICKEY *v.* STEVENS.

4-7519                                    184 S. W. 2d 955

Opinion delivered January 29, 1945.

*C. A. Holland,* for appellant.

*G. P. Houston* and *Gordon Armitage,* for appellee.

GRIFFIN SMITH, Chief Justice. Prayer of the com-plaint was that certain deeds be cancelled, allegation being that they constituted a cloud on the plaintiff's title to 99 acres upon which the plaintiff (appellant here) resided.[1]

April 17, 1929, Mary E. Dickey, who had not lived with her husband for several months, agreed to a recon-ciliation on condition that he deed the farm to her, . . . "and on failure to come back home and live with [appellant] the deed becomes null and void."

A deed reciting one dollar and "the care, love, and respect shown me during our married life" as considera-tion, was executed the day after Mrs. Dickey's proposal was addressed to her husband.

December 17, 1929, Mrs. Dickey procured a decree of divorce. It recites that the defendant, although person-ally served with summons in regular manner, did not answer. There was no adjudication of property rights; no reference thereto.

---

[1] Appellant did not, when his suit was filed, know that his grantee was dead. She had formerly been married to a man named Tarvin, and James Tarvin is her son. After receiving the deed, appellant's wife procured a divorce on the ground of cruelty and married a man named Stevens.

Nearly ten years later (November 18, 1939) the former Mrs. Dickey—then Mrs. Mary E. Stevens—deeded to Alice Bunker. In August, 1941, Alice Bunker conveyed to James Tarvin. He is the only party to this suit who answered.

Appellant contends that the Court erred in holding that he was barred by § 8918 of Pope's Digest, which denies recovery of lands, etc., unless suit is commenced within seven years after the cause of action accrued. It is argued that the instant suit was not for possession, the purpose being to clear the record title. We are not certain that the Court predicated its holding on statutory limitation. "One of the original parties," says the decree, "is now dead and all of her rights in the property (and now in James Tarvin) have been deeded to [Tarvin] by Alice Bunker. . . . There has been a change of ownership and a change of conditions to [such effect] that *laches* precludes the filing of said cause." It was then said that if the plaintiff intended to claim the property he should have answered in the divorce proceedings. We agree with this view; hence § 8918 is not controlling.

There is an express decree finding that, in his deed to Mary E. Dickey, appellant retained a life estate with remainder to the grantee in fee. Appellant filed as an exhibit to his complaint what is referred to as a copy of his deed. There is no reservation. Under it, *prima facie,* the fee immediately vested in the grantee. It was alleged (and there was proof to this effect) that the recited consideration of one dollar was not, in fact, paid; and that the further consideration of "the care, love, and respect shown me during our married life," failed when the promissor neglected to resume the marital status. See *Haden* v. *Haden,* 187 Ark. 608, 61 S. W. 2d 65, and cases there cited.

It will be observed that the elements of love and respect are those "shown me during our married life." Assuming, as the proposal made by Mrs. Dickey would indicate, that a future relationship was contemplated, and that "shown"—a past tense expression—was inad-

vertent, the Court was correct in its holding that these were matters that should have been adjudicated in December 1929 when divorce was granted.

There is a conclusive presumption that appropriate evidence was introduced showing retention of a life state. Appellees sought to supplement the bill of exceptions with what is asserted to be a photostatic copy of the recorded deed, showing the express condition it is now contended appellant omitted from the exhibit filed with his complaint. *Certiorari* was not granted. The record does not show that a deed, such as appellees say came to the Court's attention, was introduced. Our holding is that the inherent verity attaching to decree recitals is conclusive on the question of what estate was granted and what was reserved.

An argument is that in any event appellant is entitled to repayment of $1,200 shown to have been expended by him for permanent improvements. Answer is that if the estate was for life, he has these improvements during that term, and they were placed on the land with knowledge that at his death they merge with the remainder.

The Court permitted a wide range in the introduction of testimony, some of which was referable to cases like *Lollis* v. *Lollis,* 191 Ark. 199, 85 S. W. 2d 732, and cases there cited, where it was said that parol evidence is competent to show that actual consideration for a deed is different from that recited, and to contradict the recital of payment. See also the opinion on rehearing in *Sewell* v. *Harkey,* 206 Ark. 24, 174 S. W. 2d 113. These decisions are not at variance with *Mitchell* v. *Smith, Adm'r,* 206 Ark. 936, 175 S. W. 2d 201, where it is said that ''parol testimony is admissible to show the true consideration upon which a deed rests, but may not be used to show there was no consideration.''

The document executed by appellant was not testamentary in nature. *Pelt* v. *Dockery,* 176 Ark. 418, 3 S. W. 2d 62. In this case Mr. Justice MEHAFFY quoted from *Cribbs* v. *Walker,* 74 Ark. 104, 85 S. W. 244, where Mr. Justice McCULLOCH (later Chief Justice) exhaustively

reviewed the subject and drew the distinction between writings testamentary and those wherein the words "grant, bargain, sell, and convey" are used.

Affirmed.