CLARK *v.* TRAMMELL.

4-7599                                                          186 S. W. 2d 668

Opinion delivered April 9, 1945.

*J. T. McGill,* for appellant.

*Ben Ware* and *Jeff R. Rice,* for appellee.

ROBINS, J. Appellant, Sinah P. Clark, instituted this suit in the lower court on May 24, 1944, against appellees, V. R. Trammell and Claude A. Rankin, Commissioner of State Lands, and alleged in her complaint that she, being "a stranger to the title," and "being desirous of purchasing . . . from the State" six town lots in Gentry, Arkansas, which had been forfeited to the state for non-payment of taxes for the year 1934, directed her husband to obtain a deed for said land from the state; that he and the agent he employed to assist him by mistake prepared and sent to the State Land Commissioner a petition to redeem said land, along with $70.98, the amount necessary to effect redemption; that the Land Commis-

sioner executed and transmitted to appellant a redemption deed, which has been duly recorded; that when she discovered the mistake she demanded of the Land Commissioner a deed evidencing a sale of the land to her, which the Commissioner refused to issue; that she was in possession of all the land, except the dwelling house, which was in the possession of appellee, V. R. Trammell, who had obtained a quitclaim deed for all the property from Reta Crawford (formerly Reta Ramsey). She prayed for a decree vesting title to the land in her, directing the Land Commissioner to execute deed to her and cancelling the deed of Reta Crawford to appellee, Trammell.

The Land Commissioner entered his appearance and made no defense. Appellee, Trammel, answered, setting up title to the lots in himself by virtue of the deed from Reta Crawford, only heir at law of T. C. Ramsey, deceased, who, appellee Trammell alleged, owned the land at the time it forfeited for non-payment of taxes, and he also averred that the tax sale was void on account of various defects. An intervention was filed by the guardian of Ota Ramsey, the insane widow of T. C. Ramsey, deceased, alleging that she had an interest in the land and asking that she be permitted to redeem same. There was very little, if any, conflict in the testimony.

The lower court held: That, since appellant had no title to the land when she redeemed it, her redemption thereof inured to the benefit of the owner, and that appellee, Trammell, owned the land, subject to the dower interest of intervener; that the tax sale was void because proper notice of the sale was not given and that the decree of confirmation did not cure this defect; and the complaint of appellant was dismissed for want of equity and the title of Trammell confirmed, subject to dower right of intervener, appellant being given judgment and a lien on the land for the amount she paid in redeeming the land.

It is well settled that a redemption of land forfeited for non-payment of taxes by one who has no title thereto confers no right or title on the person so redeeming. "One

who redeems land from a tax sale, when he has no right, title or interest in the land, acquires no title." (headnote 1) *Frank Kendall Lumber Co.* v. *Smith,* 87 Ark. 360, 112 S. W. 888. "The redemption deed . . . from the state . . . is in effect a mere payment of taxes . . . . and this redemption deed does not purport to convey title." *Pyburn* v. *Campbell,* 158 Ark. 321, 250 S. W. 15. To the same effect is our holding in the recent case of *Mabrey* v. *Millman, ante,* p. 289, 186 S. W. 2d 28.

Equity has the power to grant reformation of a written instrument, where a mutual mistake of the parties, or fraud on the part of one of the parties and mistake on the part of the other, causes the writing to fail to show the real transaction. But in this case relief is asked by appellant solely on the ground that she misunderstood the legal effect of the document which she signed. Such misunderstanding on her part was not sufficient to entitle her to equitable relief. In the case of *Rector* v. *Collins, et al.,* 46 Ark. 167, 55 Am. Rep. 571, Judge BATTLE, speaking for the court, quoted with approval the following from 2 Pomeroy's Equity Jurisprudence, § 843: " 'The rule is well settled that a simple mistake by a party as to the legal effect of an agreement which he executes, or as to the legal results of an act which he performs, is no ground for either defensive or offensive relief. If there were no elements of fraud, concealment, misrepresentation, undue influence, violation of confidence reposed, or of other inequitable conduct in the transaction, the party who knows, or had an opportunity to know, the contents of an agreement or other instrument, cannot defeat its performance, or obtain its cancellation or reformation, because he mistook the legal meaning and effect of the whole, or of any of its provisions. Where the parties with knowledge of the facts, and without any inequitable incidents, have made an agreement, or other instrument, as they intended it should be, and the writing expresses the transaction as it was understood and designed to be made, then the above rule uniformly applies; equity will not allow a defense, or grant a reformation or rescission, although one of the parties,

and—as many of the cases hold—both of them, may have mistaken or misconceived its legal meaning, scope, and effect. The principle underlying this rule is that equity will not interfere for the purpose of carrying out an intention which the parties did not have when they entered into a transaction, but which they might, or even would, have had if they had been more correctly informed as to the law; if they had not been mistaken as to the legal scope and effect of their transaction.' "

We held in the case of *Fullerton* v. *Storthz*, 182 Ark. 751, 33 S. W. 2d 714, (headnotes 6 and 7): "Plaintiff's misunderstanding of the legal effect of a contract prepared by his attorney was a mistake of law not warranting a reformation. . . . A written instrument will not be reformed unless it clearly appears that the mistake was common to both parties."

Even if it should be held that a deed from the State Land Commissioner falls within the category of instruments that may be reformed in equity, it is obvious that the proof in this case did not authorize reformation. The evidence shows that appellant signed and swore to an application to redeem, on the regular form, in which she set up that she owned this land and desired to redeem it. The Commissioner accepted this application and the funds accompanying it and issued to her a redemption deed, as the law directed him to do. Assuming that appellant executed the application under a mistake as to its purpose and effect, certainly there was no mistake on the part of the Land Commissioner. There was no fraud in the transaction alleged or shown. Therefore a court of equity was without power to give the appellant relief by way of reformation.

Nor could appellant invoke the equitable remedy of specific performance. In the case of *Reed* v. *Wilson*, 163 Ark. 520, 260 S. W. 438, it appeared that Reed had brought suit in the chancery court, alleging that he had, in the manner by law provided, made application to the State Land Commissioner for the purchase of an island belonging to the state, and had tendered the proper amount, and praying that the Land Commissioner be required to exe-

cute the deed conveying the island to Reed. Affirming the decree of the lower court dismissing the action this court said: "The action seems to have been denominated by both parties as an equitable one for specific performance, but this is not correct, as there are no elements of a contract involved in the controversy. Where a public official fails to perform a purely ministerial duty, involving no discretion, he may be compelled to do so by mandamus; but, if it be contended that the facts stated in the complaint are sufficient to call for an award of the writ of mandamus as an appropriate remedy and a transfer of the cause from the chancery court to the circuit court, that remedy being of a strictly legal nature, we are met with the reply that such an action must be prosecuted as a personal one against the officer who refuses to perform his duty, and must be brought in the county where the officer resides. Crawford & Moses' Digest, § 1175. That answer is complete."

The views expressed above render it unnecessary to discuss other questions argued in briefs of respective counsel.

The decree of the lower court is affirmed.