BOOE *v.* BOOE.

4-7988 197 S. W. 2d 474

Opinion delivered November 18, 1946.

*E. Chas. Eichenbaum* and *Glenn F. Walther,* **for** appellant.

*W. P. Beard* and *John R. Thompson,* for appellee.

McHANEY, Justice. Appellant is the widow of Kelly Booe who died intestate in December, 1944, and he and appellee, John H. Booe, were brothers. They inherited from their mother in equal shares a tract of land containing 41 acres and inherited in equal shares from their grandmother another tract of 80 acres, both tracts being in Lonoke county, and they owned and farmed these two tracts as tenants in common for some years. Some time prior to November 24, 1944, these two brothers began

negotiations for a division of these properties, and on that date they made an agreement by which John H. Booe sold his undivided one-half interest in the 80-acre tract to his brother, and Kelly sold to John his undivided one-half interest in the 41-acre tract and paid to John the sum of $3,250 as the agreed difference in value between a one-half interest in the two tracts. On said date Kelly and his wife, appellant herein, executed and delivered to John H. Booe and his wife, appellee Josephine Gertrude Booe, their warranty deed wherein they conveyed their undivided one-half interest in and to the 41-acre tract for a recited consideration of $1 and the exchange of property. Appellees, on the same date, executed and delivered to Kelly Booe and his wife, appellant, their warranty deed wherein they conveyed their undivided one-half interest in and to the 80-acre tract for a recited consideration of $3,250.

Thereafter, on December 23, 1944, Kelly Booe died intestate and without issue, and on February 14, 1945, appellees brought this action against appellant. On February 26, 1946, appellees filed an amended complaint against appellant, in response to a motion to make the original complaint more definite and certain, wherein the conveyances above mentioned were set out, and it was alleged "that in preparing said deeds the scrivener erroneously described the whole of said respective tracts of land, when same should have been described, in each instance, so as to convey the undivided one-half interest respectively owned by the grantors therein; that it was never the intention by the use of such descriptions in said deeds, and the wording thereof, that any after-acquired title in and to said property should pass thereunder." A mutual mistake was alleged on account of said descriptions, that does not represent the true transaction between the two brothers, and that said deeds should be reformed to show that only a one-half interest was conveyed in each deed of conveyance. It was further alleged that appellant was a tenant by the entirety in and to a one-half interest in said 80-acre tract which she owned as surviving tenant, and that he, appellee, John H. Booe, was the owner of the other one-half interest

therein, subject to appellant's dower rights, by inheritance from his brother, Kelly Booe, he having died intestate and without issue, and that he and appellant were tenants in common in said 80-acre tract. Partition and sale were prayed, it being alleged the land is not susceptible to division in kind, and also that said deeds be reformed to show the description intended by the parties, and for an accounting by appellant of a portion of the rents for 1945.

Appellant demurred to the complaint, which was overruled, and she answered with a general denial and an allegation that she was the owner in fee simple of the property.

Trial resulted in a decree for reformation of the deed from appellees to Kelly Booe and appellant so as to show a conveyance of an undivided one-half interest in said 80-acre tract "and that the warranty clause in said deed therefore applies to the undivided one-half of said land intended to be conveyed." Also that appellee, John H. Booe, is the fee simple owner of an undivided one-half interest in said tract, subject, however, to the dower interest of appellant therein which was declared to be a one-half interest therein for life, and that appellant is the fee simple owner of the other undivided one-half interest in and to said lands. Partition was decreed and commissioners were appointed for this purpose, and judgment was awarded against appellant for $150, with interest in favor of John H. Booe, for his share of the 1945 rents. Future rents were ordered deposited in the registry of the court and costs were adjudged against the parties in accordance with their respective interests in said land. This appeal is from that decree.

This litigation arises under our statute regarding after-acquired title, § 1798 of Pope's Digest, which provides: "If any person shall convey any real estate by deed, purporting to convey the same in fee simple absolute, or any less estate, and shall not at the time of such conveyance have the legal estate in such lands, but shall afterward acquire the same, the legal or equitable estate afterward acquired shall immediately pass to the grantee,

and such conveyance shall be as valid as if such legal or equitable estate had been in the grantor at the time of the conveyance.''

The contention is that appellees, having conveyed the whole title to the 80-acre tract to Kelly Booe and his wife, when undisputedly they (appellees) owned only an undivided one-half interest therein, any interest John H. Booe inherited from Kelly on the latter's death immediately passed to appellant by virtue of this statute and the fact that the estate conveyed was one by the entirety.

Assuming without so deciding that said statute is applicable to the situation here presented, we are of the opinion that the trial court correctly held that a mutual mistake was made by the parties when the deeds recited the conveyance of the whole of each tract when the grantor in each owned only an undivided one-half interest in each tract.

The two brothers had owned and operated as farms the two tracts as tenants in common for a number of years. Kelly became dissatisfied with this method of operation and wanted a division and separate ownership. So, he made an offer to buy his brother's one-half interest in the 80-acre tract by a conveyance of his one-half interest in the 41-acre tract and the payment in cash of $3,250 to his brother, John. This offer was accepted and they procured a scrivener to write both deeds, and, instead of writing each of them so as to convey the grantor's undivided one-half interest in the tract conveyed, he so described the tract in each deed as to convey the whole thereof. While the deed executed by Kelly and appellant to the 41-acre tract described the whole interest, as did the deed to the 80-acre tract, this conveyance is not involved in this litigation.

We think all the facts and circumstances support the court's findings and decree. Appellant did not testify although present when the deeds were signed and acknowledged before Mr. W. P. Fletcher, Jr., in Lonoke. Mr. Fletcher did not write the deeds. They were written or dictated by an attorney who was present at the sign-

ing and who was employed by and represented Kelly Booe. He was not called as a witness by appellant, nor was any other witness called by her. The undisputed proof shows that the consideration paid by Kelly Booe to his brother was approximately one-half the value of the 80-acre tract.

The parties are in agreement upon the principles of law involved, which are: 1. Equity will reform a deed or other written instrument upon clear, unequivocal and decisive evidence that a mutual mistake has been made in the drawing of the instrument, or a mistake of one party accompanied by fraud or other inequitable conduct of the other party. 2. Equity will not reform a written instrument for a mistake of law.

Our recent case of *Wood* v. *Wood,* 207 Ark. 518, 181 S. W. 2d 481, is quite similar to the case at bar. It was there held, to quote headnote 5: "If appellees intended to convey only their interest in the land as heirs of their father and appellant intended to buy their interest only, a mutual mistake was made such as equity should correct in executing a deed purporting to convey the dower and homestead interest of their mother." In this Wood case, the court said: "This statement of law is made in 21 C. J. S. Covenants, § 118, p. 988, 'it has also been held that where by mistake land was included in a deed which the grantor did not own, and which the grantee did not intend to buy, such fact was an equitable defense to an action for a breach of the covenant of warranty in the deed.'

"The lower court's decree was necessarily based on a finding that there was a mutual mistake when the appellees executed and the appellants accepted from them a deed conveying an interest in the land—the dower and homestead interest of the widow—which they did not own. While the appellant's knowledge of this outstanding interest in the land which he was buying was not in itself sufficient to bar appellant in a suit on the covenant of warranty in this deed, it was a strong circumstance to support the chancellor's finding that appellant did not in fact buy this interest from appellees."

Appellant contends that there was no mistake, at least no mutual mistake, and cites a number of cases to support her contention, but we think they are not controlling here. The undisputed evidence is that appellees did not intend to convey more than they owned, and we are convinced that under all the facts and circumstances the court was not only justified in finding but was required to find that a mutual mistake was made in the instrument, and the decree is accordingly affirmed.