CREWS *v.* CREWS.

4-8393                                               207 S. W. 2d 606

Opinion delivered January 26, 1948.

*Shaver, Stewart & Jones,* for appellant.

*W. S. Atkins* and *Lyle Brown,* for appellee.

Robins, J. The chancery court, in appellee's suit against her stepchildren, the appellants, granted her prayer that title to two parcels of real estate in Hempstead county be divested out of appellants, as heirs at law of their father, G. T. Crews, and invested in her; and they have appealed.

One of these tracts is in the south half of the southeast quarter of section 27, township 12, south, range 24, west, and will be referred to as the "home place." The other is certain business property situated in block 36 of the City of Hope, which will be referred to as the "business property."

Appellee is 71 years old and was first married to W. O. Shipley, who died in 1936. For many years appellee and Mr. Shipley had owned as partners the "Shipley Studio," a photographic shop in Hope. They both worked in the shop and appellee acquired great proficiency in taking photographs and in the development and printing thereof.

Upon the death of Mr. Shipley the studio became the property of appellee and she continued to operate it, doing most of the work herself.

Appellee and George T. Crews were married in July, 1938. He was then clerking in a dry goods store at a salary of $12.50 a week. In addition to that income he was receiving a small pension as a veteran of the Spanish-American War. He owned no property. A few weeks after their marriage Mr. Crews began working in the studio and continued to do so until it was sold. Appellee continued to do the dark room work, developing, drying and retouching.

In 1940, appellee executed to Mr. Crews a deed for a half interest in the "home place." Her explanation of this conveyance was that the property required some repairs, some of which Mr. Crews made; and he said that "as he was going to put his labor and his money

. . . into the improvements, if anything happened
to me, he would lose all that and have no home to go
to as my heirs would inherit the place. He said that
if we owned the place, the home, in the entirety  . . .
if I would execute a deed to that effect, if I died first he
would have a home and my heirs could not take it away;
on the other hand, if he went before I did, then the place
would be all mine. That is the reason I executed that
deed." However, the effect of her deed was not to
create an estate by the entirety, but to vest in Crews
an undivided one-half interest in the property.

On December 20, 1944, the "business property" was
purchased from Carrel for $8,000, which was paid by a
check drawn on the bank account of "Shipley Studio."
The conveyance from Carrel was made to G. T. Crews
and Rosa Crews, his wife. The $8,000 in the bank account
arose from a sale of part of the "home place" for $3,000,
the sale of the studio for $1,000, and from the earnings
of the studio, which became very profitable after loca-
tion of the Proving Grounds near Hope by the govern-
ment in 1941.

In 1945, appellee joined with her husband in exe-
cuting a deed conveying the "business property" to Miss
Doris Shields who, in turn, conveyed it to Mr. Crews,
there being no pecuniary consideration for either trans-
action. Appellee testified that she executed this deed
at the request of her husband and in consideration of
his promise that he would will the property to her. She
further testified that he later told her he had executed
such a will, and as to this she was to some extent cor-
roborated by another witness, who stated that on one
occasion she heard Crews tell appellee that he had at-
tended to the will and that it was in the lock-box. No will
executed by Crews was ever found.

Appellants recognize the rule that a parol contract
to execute a will may be enforced in equity where such
contract is founded on a valid consideration, duly per-
formed, and where the facts as to the consideration and
the agreement are established by clear, cogent and con-
vincing testimony. *Naylor* v. *Shelton*, 102 Ark. 30, 143

S. W. 117, Ann. Cas. 1914A, 394; *Speck* v. *Dodson,* 178 Ark. 549, 11 S. W. 2d 456.

But appellants argue that this rule may not be applied here because, to do so would result in allowing proof of such oral agreement to vary the terms of a written instrument—the deed. We do not agree. We have frequently held that parol testimony may be received to show the actual consideration for which a deed is executed, and to show that such consideration was different from that expressed in the writing. *Pate* v. *Johnson,* 15 Ark. 275; *St. Louis & North Arkansas Railroad Company* v. *Crandell,* 75 Ark. 89, 86 S. W. 855, 112 Am. St. Rep. 42; *Morton* v. *Morton,* 82 Ark. 492, 102 S. W. 213; *Mewes* v. *Mewes,* 116 Ark. 155, 172 S. W. 853; *Lay* v. *Gaines,* 130 Ark. 167, 196 S. W. 919; *Hartsfield* v. *Crumpler,* 174 Ark. 1179, 297 S. W. 1012; *Rowland* v. *Ward,* 178 Ark. 851, 12 S. W. 2d 785; *Sewell* v. *Harkey,* 206 Ark. 24, 174 S. W. 2d 113; *Dickey* v. *Stevens,* 208 Ark. 111, 184 S. W. 2d 955.

The deed executed by appellee and Crews to Doris Shields recited a consideration of ten dollars and the purpose of the parties to have the grantee reconvey to Crews, so as to vest title in him. The parol testimony to the effect that the real consideration of this conveyance was the promise of Crews to devise the property to appellee was admissible under the rule laid down in the above cited authorities.

It is finally argued that the testimony is not sufficient to establish the oral contract relied on by appellee. We have reviewed all the evidence carefully, and, when it is considered along with the undisputed facts as to the situation of these parties, and the origin of the funds with which this property was bought by appellee and Crews, we conclude that the agreement asserted by appellee was shown by evidence measuring up to the required standard.

However, we do not find that the agreement to devise, according to the testimony of appellee, extended to the interest of Crews in the "home place." Appellee

conveyed the half interest in this property to Crews in 1940, and there is no evidence reflecting that an agreement to will it to her was made at that time. Of course, if her later conveyance of the "business property" had been made upon consideration of a promise by Crews to devise to her his interest in the "home place," as well as the "business property," such an agreement would have justified in entirety the decree of the lower court. But her testimony showed that the promise to devise, made by Crews at the time of the transfer of the "business property," referred only to that property. Appellee testified: "He said . . . that if I would make the deed giving him—deeding the place over to him, you know that business property, he in turn would make a will leaving it to me, then, at his death." Nowhere in her testimony is there any statement by her that Crews had agreed to will to her the half interest in the "home property."

While appellee testified that she thought the deed she was executing to Crews would create an estate by the entirety as to the "home place," it was not shown that any fraud or deception, as to the contents of the deed, was practiced on her. Mere mistake of a party as to the legal effect of an instrument does not vitiate the instrument or afford ground for reformation. *Louis Werner Sawmill Co.* v. *Sessoms,* 120 Ark. 105, 179 S. W. 185; *Security Life Insurance Company* v. *Leeper,* 171 Ark. 77, 284 S. W. 12; *Magnolia Petroleum Company* v. *McFall,* 178 Ark. 596, 12 S. W. 2d 15; *Fullerton* v. *Storthz,* 182 Ark. 751, 32 S. W. 2d 714; *Clark* v. *Trammell,* 208 Ark. 450, 186 S. W. 2d 668; *Booe* v. *Booe,* 210 Ark. 709, 197 S. W. 2d 474.

It follows that the lower court's decree as to the "home place" must be reversed, and that part of the decree pertaining to the "business property" must be affirmed; and, since title to real property is involved, this cause is remanded to the lower court with directions to enter a decree in accordance with this opinion, costs of both courts to be adjudged against appellants.