564

*Wright, Harrison, Lindsey & Upton,* for appellant.

*H. B. Stubblefield,* for appellee.

Sam Robinson, Associate Justice.   In this case appellants contend that the grantor and grantee made a mutual mistake in the description of property intended to be conveyed, and that such a mistake is one of fact. They seek to have the deed reformed.   Appellee maintains that the mistake, if any, is one of law and that under our prior decisions the deed cannot be reformed.

Appellants are devisees under the will of Lula Dubisson; appellee is the only child of D. J. Dubisson and the residuary devisee under his will.   On December 18, 1939, D. J. Dubisson and his wife Lula acquired as an estate by the entirety the east ½ of Lots 1, 2 and 3, Block 281 of the city of Little Rock.   On June 23, 1949, Dubisson deeded to his wife Lula "½ of E ½ of Lots 1, 2 & 3 in Block No. 281."   In February, 1950, Lula died.   Later D. J. Dubisson died, and appellee Geraldine Dubisson Lee, being the residuary devisee under his will, acquired whatever interest if any Dubisson owned in the property under consideration at the time of his death.   Evi-

dence was introduced at the trial going to show that it was Dubisson's intention to deed all of his interest in the property to his wife Lula, and that he thought he had done so. It makes no difference here about the admissibility of such evidence, because assuming that it was Dubisson's intention to deed all of his interest to his wife, the deed fails to accomplish that purpose, and this was a mistake of law.

Undoubtedly, Dubisson thought that by owning the property with his wife as an estate by the entirety, they each owned an undivided one-half interest, and that by conveying to his wife one-half interest in the entire property he was conveying all of his interest. If he had owned an undivided one-half interest of course the deed would have carried out his intention, but such was not the nature of the estate he owned. It was an estate by the entirety. His mistake was not as to the description of the property. He thought he owned an undivided one-half interest and he executed a deed accordingly. He did what he intended to do, but by operation of law the deed did not effect the result intended. This was a mistake of law.

In support of their contentions in the matter, appellants cite *Spaulding Manufacturing Company* v. *Godbold,* 92 Ark. 63, 121 S. W. 1063, 135 Am. St. Rep. 168. There, reformation was allowed. It was proved that the property was purchased by individual partners instead of by the partnership. By mistake the partnership was named as grantee in the deed. But that case is not analogous to the situation here. If Dubisson had employed a scrivener to prepare the deed and by mistake the wrong person had been named as grantee, the *Spaulding* case would then apply.

Appellants also rely on *Wood* v. *Wood,* 207 Ark. 518, 181 S. W. 2d 481. There this court said: "The lower court's decree was necessarily based on a finding that there was a mutual mistake when the appellees executed and the appellant accepted from them a deed conveying an interest in the land—the dower and homestead inter-

est of the widow—which they did not own." Obviously a mistake of fact was involved in the *Wood* case. Other cases cited by appellants are equally inapplicable.

In *Rector* v. *Collins, et al.,* 46 Ark. 167, this court said: "The rule is well settled that a simple mistake by a party as to the legal effect of an agreement which he executes, or as to the legal results of an act which he performs, is no ground for either defensive or offensive relief. If there were no elements of fraud, concealment, misrepresentation, undue influence, violation of confidence reposed, or of other inequitable conduct in the transaction, the party who knows, or had an opportunity to know, the contents of an agreement or other instrument, cannot defeat its performance, or obtain its cancellation or reformation, because he mistook the legal meaning and effect of the whole, or of any of its provisions. Where the parties with knowledge of the facts, and without any inequitable incidents, have made an agreement, or other instrument, as they intended it should be, and the writing expresses the transaction as it was understood and designed to be made, then the above rule uniformly applies; equity will not allow a defense, or grant a reformation or rescission, although one of the parties, and—as many of the cases hold—both of them, may have mistaken or misconceived its legal meaning, scope, and effect. The principle underlying this rule is that equity will not interfere for the purpose of carrying out an intention which the parties did not have when they entered into a transaction, but which they might, or even would, have had if they had been more correctly informed as to the law; if they had not been mistaken as to the legal scope and effect of their transaction."

*Crews* v. *Crews,* 212 Ark. 734, 207 S. W. 2d 606, is controlling. There, Mrs. Crews executed to her husband a deed for one-half interest in the property involved. Later Mr. Crews died, and Mrs. Crews in an attempt to show that the property was an estate by the entirety testified that it was her intention to create such an estate. The court said: "The effect of her deed was not to cre-

ate an estate by the entirety, but to vest in Crews an undivided one-half interest in the property. . . . While appellee testified that she thought the deed she was executing to Crews would create an estate by the entirety as to the 'home place,' it was not shown that any fraud or deception, as to the contents of the deed, was practiced on her. Mere mistake of a party as to the legal effect of an instrument does not vitiate the instrument or afford ground for reformation.''

Appellants further contend that appellee is estopped to claim title to the property because her predecessor in title accepted benefits under the will of his wife Lula which were inconsistent with his ownership of the property. It is true Dubisson did accept such benefits under the will of his wife, but the benefits he accepted were less than he was entitled to and such acceptance on his part gives rise to no principle of estoppel. Appellants rely on *Hudson* v. *Union & Mercantile Trust Company*, 155 Ark. 605, 245 S. W. 9. But, in that case Mrs. Hudson claimed a dower interest in a certain fund. Relying on her election to take dower, the administrator on order of the probate court paid the balance of the fund on preferred claims. Later Mrs. Hudson claimed the entire fund. In these circumstances, the court held that she was estopped. It can readily be seen that the principle of estoppel involved in the *Hudson* case is not present in the case at bar.

The decree is affirmed.