**Karl H. SCHEWE and Louise H. Schewe, Plaintiffs-Appellants,**

v.

**Elmer C. BENTSEN and Tip-O-Tex Realty Co., Defendants-Appellees.**

**No. 27338.**

United States Court of Appeals, Fifth Circuit.

April 6, 1970.

H. H. Rankin, Jr., Rankin, Kern, Martinez & Van Wie, McAllen, Tex., for appellants.

Morris Atlas, Gary Gurwitz, Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, McAllen, Tex., for appellees.

Before GEWIN, THORNBERRY and AINSWORTH, Circuit Judges.

THORNBERRY, Circuit Judge:

This is a diversity action in which appellant Schewe seeks to recover the amount he was required to pay on a mortgage on property he had already sold. The only question for our consideration is whether Schewe may introduce testimony to vary the terms of the deed by which the property was conveyed. The trial court held that he could not, and accordingly directed a verdict for appellee. We affirm.

Appellant Karl H. Schewe contracted to trade a motel he owned to appellee Tip-O-Tex Realty Company in exchange or certain agricultural property. The motel was encumbered with a mortgage in favor of a Texas insurance company, upon which Schewe was personally liable. In a memorandum sale contract, the parties stated their agreement and dealt with the mortgage by reciting that the motel was "subject to an indebtedness not to exceed $125,000.00." Thereafter, Schewe executed a deed conveying the motel to Tip-O-Tex, "for and in consid-

eration of the sum of One Dollar and Other Valuable Consideration," with the deed providing that "Grantees herein take this subject to a Note and Deed of Trust in favor of the [Texas insurance company]."

The motel was subsequently sold twice. Neither purchaser complied with the terms of the mortgage, and ultimately the Texas insurance company foreclosed. Schewe was left with a $25,000 deficiency judgment upon which he was personally liable. In this action, he seeks to show that Tip-O-Tex *assumed* the mortgage under the terms of the conveyance, so that he can recover over against Tip-O-Tex. If on the other hand the conveyance was *subject* to the mortgage, as the contract and deed both indicate, Tip-O-Tex is not liable and Schewe has no recourse. At trial, the court allowed Schewe to testify that the real agreement between the parties made Tip-O-Tex liable on the mortgage notwithstanding the language actually used, but the court subsequently decided that acceptance of this testimony would violate the parol evidence rule. Consequently, the court instructed the jury as a matter of law that the conveyance was merely subject to the mortgage and that Tip-O-Tex was not liable.

 Before reaching the merits of the conveyancing language, we confront a choice-of-laws problem. This suit involves parties who are residents of Illinois and Texas, the realty conveyed is located in Arkansas, and the deed was delivered in Missouri. The parties presented the case to the trial court on the basis of Texas conveyancing law, the trial court decided it on that basis, and the parties originally briefed the issues on that basis in this Court. Under the *Erie* doctrine, however, this Court must apply Texas conflict-of-laws rules as substantive law. Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. The general rule concerning conveyances of real property is that the law of the place where the realty is located controls, and this rule is followed in Texas. Batman v. Cameron, 5th Cir. 1969, 413 F.2d 999 (Texas diversity case); Colden v. Alexander, 1943, 141 Tex. 134, 171 S.W.2d 328; Kaherl v. Kaherl, Tex.Civ.App.1962, no writ, 357 S.W.2d 622. In this case, furthermore, the parties contracted with respect to Arkansas law in so far as the memorandum required Schewe to execute a warranty deed valid under Arkansas law. With these considerations in mind, we conclude that a Texas court construing the deed at issue here would apply the substantive law of the State of Arkansas. Moreover, since the parol evidence rule in both Texas and Arkansas is a rule of substantive law intimately bound up in rules of deed construction, this Court must use the parol evidence rule as it is applied in Arkansas to interpret this deed.

 In Arkansas, as in Texas, the decisions uniformly allow introduction of parol to prove true consideration when the proof concerns the amount that is to be paid over, but contractual terms in a deed cannot be varied by parol unless ambiguous. Smith v. School Dist. No. 14, 1935, 192 Ark. 792, 94 S.W.2d 706. Under the definition of contractual terms given in the *Smith* case, the language at issue here is contractual. *See* Crews v. Crews, 1948, 212 Ark. 734, 207 S.W.2d 606; Mott v. American Trust Co., 1916, 124 Ark. 70, 186 S.W. 631. And finally, a conveyance "subject to" a mortgage in Arkansas, as in Texas, does not impose personal liability on the grantee. Fretwell v. Nix, 1926, 172 Ark. 230, 288 S.W. 8; Mott v. American Trust Co., *supra*. The trial court's decision to direct the verdict was correct.

Affirmed.